# Smith *v.* Scholl.

*Practice, Supreme Court — Appeals, statutory — Interlocutory orders—Paper books—Printing record—Assignments of error—Defective assignments—Petition for possession of realty by purchaser at Sheriff's sale—Acts of April 20, 1905, P. L. 239, and April 18, 1874, P. L. 64.*

1. The general rule is that where a proceeding is contrary to the common law, no appeal is permitted except as allowed by statute, and, in all such cases, the legislative provisions conferring the right of review must be strictly adhered to.

2. In proceedings under the Act of April 20, 1905, P. L. 239, for a citation to show cause why a party in possession of real estate should not deliver up possession to the purchaser thereof at a sher-

iff's sale, where respondent claimed title by adverse possession for twenty-one years and prayed a jury trial, and the court discharged a rule for judgment for want of a sufficient answer and awarded an issue and jury trial on the question of adverse possession, the issue to be prepared by counsel, etc., such order was interlocutory, and an appeal therefrom will be quashed. An appeal from an order directing an issue to be framed is never considered final.

3. In such case, the provisions of the Act of April 18, 1874, P. L. 64, allowing appeals from orders refusing judgment for want of a sufficient affidavit of defense, have no application.

4. In such a proceeding, the plaintiff cannot successfully contend that the lower court should have granted him judgment as though the cause had been ordered "for argument upon petition and answer," when the record did not disclose facts upon which such judgment could be entered, or that he should have been granted judgment upon the whole record, when he did not seek that remedy in the court below.

5. An appellant's paper book is defective where it fails to set forth in full the rule for judgment taken in the court below and does not show that the sufficiency of an answer was attacked.

6. Where the only assignment of error states the appellant's version of the rule and the order of the court below complained of, but does not set them forth ipsissimis verbis, the assignment is fatally defective and the appeal will be quashed.

Argued March 27, 1918. Appeal, No. 23, Jan. T., 1918, by petitioner from order of C. P. No. 1, Philadelphia Co., Dec. T., 1895, No. 673, discharging rule for citation, to show cause why a party in possession of real estate should not deliver possession to petitioner and awarding jury trial in case of Martha W. Smith v. Augusta C. Scholl. Before Mestrezat, Potter, Moschzisker, Frazer and Walling, JJ. Affirmed.

Petition for a citation under Act of April 20, 1905, P. L. 239, to show cause why a party in possession of real estate should not deliver possession of premises to petitioner. Before Shoemaker, J.

The opinion of the Supreme Court states the facts.

The court discharged a rule for judgment for want of a sufficient answer and awarded an issue upon the question of adverse possession. Petitioner appealed.

*Error assigned* was the order of the court.

*George W. Harkins, Jr.,* for appellant.

*Albert T. Bauerle,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, July 17, 1918:

December 30, 1895, a scire facias was issued on a mortgage given by Augusta C. Scholl to Martha W. Smith, and, after two returns of nihil habet, the encumbered premises, being the property now in controversy, were sold, on April 6, 1896, to Otto Wolff, to whom, May 16, 1896, a sheriff's deed was executed, acknowledged and delivered. Nothing was done by Mr. Wolff toward securing possession till May 15, 1917, one day prior to the expiration of twenty-one years from the date of the sheriff's deed, at which time he presented a petition, under the Act of April 20, 1905, P. L. 239, for a citation to show cause why Charles A. Scholl, respondent, should not deliver to him possession of the premises in question. An answer was filed wherein respondent claimed title by adverse possession for twenty-one years, and prayed a jury trial; also, as the heir of his mother, the deceased mortgagor, he attempted to set up a trust arising out of alleged fraud in the purchase by Mr. Wolff. On a rule for judgment for want of a sufficient answer, the court below held the averments as to the trust inadequate; but, at the same time, discharged the rule and awarded an issue. Petitioner has appealed.

The order appealed from is as follows: "The rule is therefore discharged and a jury trial ordered upon the question of adverse possession; the form of issue to be prepared by counsel and submitted to the court." Respondent asks that the appeal be quashed, on the ground that this order is interlocutory. Petitioner resists the motion to quash, contending the order is appealable, and that the pleadings of record show a state of facts en-

titling him to final judgment for possession of the property in controversy.

While the statute is not expressly averred, yet, concededly, the proceedings at bar were begun under the Act of 1905, supra. The statute in question provides for a petition and answer, and that "the petitioner may order the cause for argument" thereon; also for a "rule for judgment upon the whole record," a prayer for "a hearing or jury trial," and that the court may "at any stage of the proceedings allow an issue to be framed, though the cause be ordered for a hearing upon petition and answer or upon the whole record": Section 8, P. L. 242.

Is the order complained of one from which an appeal may be taken? The general rule is that, where a proceeding is contrary to the common law, no appeal is permitted except as expressly allowed by statute, and, in all such cases, the legislative provisions conferring the right of review must be strictly adhered to: see numerous relevant authorities, Monaghan's Appellate Practice, Section 48, note 1. The Act of 1905, supra, provides: "From any final judgment, and from the refusal of the court to open a judgment by default, an appeal may be taken to the Supreme or Superior Court": Section 18, P. L. 245. It is obvious that the words "final judgment," in this statute, do not include the award of an issue, since, by such an award, the court in no sense decides the merits of the case, but rather postpones decision thereon until raised before a jury, where all questions of law and fact, which the trial tribunal may deem material, can be ruled and determined. Moreover, the issue here ordered was neither formulated by counsel nor approved by the court below; therefore, strictly speaking, this appeal is from an order directing an issue to be framed, which is never considered final: Watkins v. Hughes, 206 Pa. 526, and Kenworthy v. Equitable T. Co., 218 Pa. 286.

Appellant contends, however, that the refusal of the

judgment at bar is a "final," appealable order, because the case comes within the provisions of the Act of April 18, 1874, P. L. 64, expressly allowing an appeal where judgment for want of a sufficient affidavit of defense is refused. In the first place, the act cited has no general application to special statutory proceedings such as those before us; and, next, even when this legislation applies, it does not follow that an order appealed from thereunder is, ex necessitate, "final." Under the Act of 1874, supra, an appeal lies from the declination of the court to enter judgment for want of a sufficient affidavit of defense, not by reason of the refusal being a final judgment, in the technical sense of that term, for it is not, but simply because the statute expressly provides for an appeal in such case. We conclude that the act relied upon has no relevancy; and further, under the circumstances of this case, that the order in question should be treated as interlocutory.

The petitioner's other contention, however, requires consideration of the question whether, under the Act of 1905, supra, on the pleadings before the court below, that tribunal should have entered a final judgment for possession of the property in controversy, instead of an interlocutory order directing an issue?

This is a purely statutory proceeding, where the parties must act in strict accord with, and have only such rights as are given by, the governing legislation; particularly is this rule applicable in the present case, where plaintiff seeks a summary judgment, the effect of which would be to confirm his assertion of title, and vest him with the legal right to possession of real estate which defendant claims to have owned and occupied without molestation or counterclaim of title for twenty-one years or more.

As already shown, the Act of 1905, supra, provides two separate and distinct methods for obtaining decisions on the pleadings: (1) "The petitioner may order the cause

for argument upon petition and answer"; (2) He may enter a "rule for judgment upon the whole record."

The record in this case discloses no formal motion or order that the cause be fixed "for argument upon petition and answer"; but, assuming, while not deciding, that a rule for judgment for want of a sufficient answer is the equivalent of such procedure, still here neither the petition nor answer indicates the time when the citation for possession actually issued, a date which, according to appellant's own theory, is essential to the maintenance of his case—he, so far as the records show, being obliged to depend upon the issuance of that writ to prove a demand which would stop the running of defendant's alleged adverse possession. True, the order endorsed on the petition indicates when the citation was authorized; but, for all this discloses, the writ may not have gone out for days thereafter. On the facts embodied in the pleadings brought before the court below by plaintiff's rule, i. e., the petition and answer, that tribunal, even if so empowered, was not in a position to enter final judgment against defendant, and would not have been warranted in so doing.

What we have just written sufficiently disposes of the first method of obtaining a summary judgment under the Act of 1905, supra. As to the second, plaintiff took no "rule for judgment upon the whole record," and, since he did not attempt to avail himself of that remedy, this court is not called upon to consider or discuss points of law, argued in the paper books, which depend for their fundamental facts upon such a review; the determination of these interesting questions may await the jury trial ordered by the common pleas, when, no doubt, all the essential relevant circumstances will be properly developed. We conclude that, on the peculiar facts at bar, there was no abuse of discretion in awarding an issue; but, even were this not the case, the present appeal should be dismissed, for the reasons next stated.

Appellant's paper book does not properly exhibit the

rule for judgment. The printed docket entries show no more than what purports to be the substance of that rule; and, under the heading, "Judgment of the court," this appears: "The court below discharged plaintiff's rule for judgment, as follows: 'The rule (for judgment) is therefore discharged,'" etc., which, it will be observed, does not even show that the sufficiency of the answer was attacked. In fact, a copy of the rule is nowhere to be found in the paper books, and we have been obliged to go to the original record to inspect it; this, of itself, is enough to warrant the dismissal of the appeal. Finally, the sole assignment of error is fatally defective; in place of stating the rule in question verbatim, only appellant's version thereof is given, followed by a transcript of the order last above quoted. Under our cases, both the rule and the order discharging it must be stated ipsissimis verbis; this is so well established it is not necessary to cite authorities. Thus it may be seen that, aside from the controlling matters previously determined against petitioner, in view of the ineffectiveness of his only assignment of error, there is nothing before us to justify a reversal of the order appealed from; and this is true without regard to the faults in appellant's paper book.

For the several reasons stated, the appeal is quashed.