# Bianchi, Appellant, *v.* Raynor.

*Ejectment—Pleadings—Motion for judgment for want of sufficient affidavit of defense—Interlocutory order—Appeal—Act of April 18, 1874, P. L. 64—Act of June 7, 1915, P. L. 887.*

An order of the court of common pleas, refusing judgment for want of a sufficient affidavit of defense in an action of ejectment, is not final but interlocutory in character, and no appeal lies therefrom.

The pleadings in an action of ejectment consist of a declaration, with the abstract of the plaintiff's title, on the one hand, and a plea of "not guilty" and an answer in the nature of a special plea, with an abstract of the title under which defendant claims, on the other. The answer thus required is not an affidavit of defense within the provisions of the Act of April 18, 1874, P. L. 64, authorizing an appeal by the plaintiff from the order of the court refusing judgment for want of an affidavit of defense, and does not become one because it may be mistakenly so endorsed.

Argued October 15, 1923. Appeal, No. 151, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1921, No. 372, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Joseph Bianchi, substituted plaintiff in the place and stead of Germain J. Bianchi and Peter Cabrelli v.

Elizabeth Raynor.   Before ORLADY, P. J., PORTER, HEN-
DERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.
Affirmed.

Ejectment for possession of property at the corner of
Juniper and McKean Streets in the City of Philadelphia.
Before SHOEMAKER, P. J.

Rule for judgment for want of a sufficient affidavit of
defense.

The facts are stated in the opinion of the Superior
Court.

The court discharged the rule.   Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Frank A. Harrigan,* for appellant.—The affidavit was
insufficient and the plaintiff was entitled to judgment:
Chisholm v. Butler, 19 Pa. C. C. 552; McCloskey v. Mc-
Closkey, 205 Pa. 491.

*Clinton A. Sowers,* and with him *Vitold E. Balukie-
wicz,* and *John M. Thissell,* for appellee.

PER CURIAM, November 19, 1923:

The plaintiff in an action of ejectment moved the
court for judgment on the pleadings in his favor in ac-
cordance with the provisions of the Act of June 12, 1919,
P. L. 478, amending the Act of May 8, 1901, P. L. 142, as
amended by the Act of June 7, 1915, P. L. 887.   The
court refused the motion.   Plaintiff appeals.

The order of the court of common pleas was not final
but interlocutory in character, and no appeal lies from
it unless allowed by statute: Smith v. Scholl, 262 Pa.
124, 127.

The Act of April 18, 1874, P. L. 64, which authorizes
an appeal by the plaintiff from the order of the court re-
fusing judgment for want of a sufficient affidavit of de-
fense in actions wherein "by act of assembly or rule of

court," the plaintiff is entitled to ask for such judgment, does not apply. The pleadings in the action of ejectment consist of a declaration, with an abstract of the plaintiff's title, on the one hand, and a plea of "not guilty" and an answer in the nature of a special plea, with an abstract of the title under which defendant claims, on the other. The answer thus required is not an affidavit of defense within the provisions of the Act of 1874, supra, and does not become one because it may be mistakenly so endorsed. We are referred to no other statute as authority for the appeal, and in default thereof it must be quashed.

Appeal quashed.