## O'Hara *v.* Parrish et al., Appellant.

*Pleadings—Counter Claim—Motion for judgment for want of a sufficient reply—Interlocutory order—Appeal—Practice Act—Act of April 18, 1874, P. L. 64.*

An order of the Municipal Court, refusing judgment for want of a sufficient reply to a counter claim, is interlocutory in character, and no appeal lies therefrom.

The refusal of judgment for want of a sufficient reply is not the refusal of judgment for want of a sufficient affidavit of defense within the meaning of the Act of April 18, 1874, P. L. 64.

Argued October 6, 1926. Appeal No. 115, October T., 1925, by defendant, from order of M. C. Philadelphia County, June T., 1922, No. 182, in the case of Anna M. O'Hara v. Morris L. Parrish, George R. McClellan, Percival Parrish and Alfred E. Norris, trading as Parrish and Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Appeal quashed.

Assumpsit to recover a loss alleged to have resulted from the defendants' failure to execute plaintiff's instructions to sell certain shares of stock. Before, WALSH, J.

Rule for judgment for want of a sufficient reply to defendant's counter claim.

The facts are stated in the opinion of the Superior Court.

The court dismissed the rule. Defendant appealed.

*Error assigned,* was the order of the court.

*Rosewell Hammond,* and with him *Wm. L. Hammond,* for appellant.

*John P. Connelly,* for appellee.

OPINION BY LINN, J., November 17, 1926:

Plaintiff sued her stock brokers to recover a loss alleged to have resulted from their failure to execute her instructions to sell certain shares of stock. They filed an affidavit of defense denying her averments of liability and counterclaimed for a balance alleged to be due them. To that counterclaim, plaintiff filed a reply. Defendants then moved for judgment for the amount of their counterclaim for want of a sufficient reply, pursuant to section 17 of the Practice Act, 1915 P. L. 483, providing ''When the defendant sets up a set-off or counterclaim, he may move for judgment against the plaintiff for want of a reply, or for want of a sufficient reply to the whole or any part of the set-off or counterclaim; and the court may enter judgment for such amount as shall be found due, with leave to proceed for the balance.''

The court below refused defendants' motion for judgment and they have appealed.

We know of no statute authorizing an appeal from such an interlocutory order. While section 15 of the Practice Act provides that "The set-off or counter-claim shall be regarded as the defendant's statement of claim, and the plaintiff's reply as an affidavit of defense thereto," the refusal of judgment for want of a sufficient reply is not the refusal of judgment for want of a sufficient affidavit of defense within the meaning of the act of April 18, 1874, P. L. 64: See Smith v. Scholl, 262 Pa. 124, 127, where the applicable rule of construction is considered; Bianchi v. Raynor, 82 Pa. Superior Court 122.

Appeal quashed.