## B. F. Goodrich Rubber Co., Appellant, *v.* Motor Tire Corporation.

*Appeals—Affidavit of defense—Refusal of judgment.*

1. An order refusing judgment for want of a sufficient affidavit of defense will not be reversed on appeal unless the action of the court below clearly appears to be based on a plain error of law.

2. In such case the appellate court will not disturb the order nor discuss the legal questions involved until an opportunity is had to develop the facts at trial.

Argued October 5, 1927.  Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 169, March T., 1927, by plaintiff, from order of C. P. Allegheny Co., April T., 1927, No. 1566, refusing judgment for want of sufficient affidavit of defense, in case of The B. F. Goodrich Rubber Co. v. Motor Tire Corporation.  Affirmed.

Rule for judgment for want of sufficient affidavit of defense.  Before MARTIN, J.

The opinion of the Supreme Court states the facts.

Rule discharged.  Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting record.

*Stephen Stone,* of *Stone, Chalfant & McCandless,* for appellant.

*Lawrence D. Blair,* with him *Moorhead & Knox,* for appellee.

PER CURIAM, November 28, 1927:

This is an appeal from an order refusing judgment for want of a sufficient affidavit of defense.  After reading the pleadings and considering the able argument of counsel for appellant, we cannot say it is "clear and free from doubt" that the court below erred in refusing judgment: Wilson v. Bryn Mawr T. Co., 225 Pa. 143, 146.  Without expressing or intimating any view on the several points argued in the briefs, it is enough to say that this case falls within the established rule that we do not reverse on appeals from orders such as the one now before us "unless the action of the court below clearly appears to be based on a plain error of law" (Phila. v. Merchant & Evans Co., 289 Pa. 578, 579); and no such plain error is clearly shown by the present record.  Therefore, following the usual course pursued

under such circumstances, we will not disturb the order under attack; nor shall we discuss the legal questions in the case "till an opportunity is had to fully develop the facts at trial": Brown v. Unger, 269 Pa. 471, 472; see also opinion in Steiner v. Greater Sharon Realty Co., filed simultaneously herewith [the next case below].

The order appealed from is affirmed.