## Colonial Securities Co. *v.* Levy et al. (No. 1), Appellants.

## United Security Bond & Mortgage Co. *v.* Steinfeld et al., Appellants.

Per Curiam, October 1, 1930:

In this action of assumpsit, the court below dis-charged defendant's rule for judgment for want of a sufficient reply to new matter set up in the affidavit of defense. Defendant appealed. Plaintiff asks that the appeal be quashed, alleging that no statute authorizes an appeal from such an order as entered by the court below. The law was in effect so ruled in O'Hara v. Parrish, 89 Pa. Superior Ct. 177, cited by appellee.

The Act of April 18, 1874, P. L. 64, provides that, "in all actions now pending, or which may hereafter be brought, wherein......the plaintiff is entitled to ask for judgment for want of a sufficient affidavit of defense, and the court shall decide against his right to such judgment, plaintiff may except to such decision and take a writ of error to the Supreme Court." Plaintiff, appellee, contends that this statute has no application to a case like the present, where defendants ask judgment against plaintiffs, and the Superior Court so held.

The Superior Court case relied on by appellee was decided prior to the Act of April 22, 1929, P. L. 627, which amends the Practice Act of May 14, 1915, P. L. 483. The last mentioned statute provides, by section 15, that averments of set-off or counterclaim by defendant "shall be regarded as defendant's statement of claim" and that "plaintiff's reply [shall be regarded] as an affidavit of defense." The Act of 1929 adds "new matter," where

consisting of "an affirmative defense," to the same category as that of set-offs and counterclaims. The Act of 1915 provides, by section 17, as amended by the Act of 1929, also that "when the defendant" avers "a set-off, counterclaim, or new matter, he may move for judgment against the plaintiff for want of a reply, or for want of a sufficient reply."

As may be seen from the above quoted excerpts, the Act of 1874 anticipates future legislative changes in practice, while our present Practice Acts, above mentioned, in effect provide that, when a defendant pleads new matter as in the present case, as to such new matter he becomes the plaintiff. These Practice Acts provide in terms that an affidavit of defense which sets up new matter as an affirmative defense "shall be regarded as [the pleader's] statement of claim," and that the plaintiff's reply thereto shall be regarded as "an affidavit of defense." This in effect means that the original plaintiff becomes, as to such new matter, the defendant and the latter becomes the plaintiff. There is no reason why the Act of 1874 should not be held applicable to such a situation, and, thereunder, when in the present case the original defendant (acting as a plaintiff so far as relates to new matter) asked for judgment for want of a sufficient reply to the new matter set up by him and his application was refused, he was entitled to take the appeal now before us.

We may add that this statutory construction affords equal rights under like circumstances to all parties; it can harm no one, for on an appeal from the refusal of judgment for want of a reply, or for want of a sufficient reply, to new matter set up in an affidavit of defense, the rule will be followed that such a refusal will not be reversed unless the pleadings demonstrate, or show beyond doubt, that the appellant was entitled to the judgment asked. So, also, in all cases where such a judgment is entered and issues not covered by the new matter must go to trial, the courts can, and, where appropriate

should, protect the original plaintiff by staying proceedings on the judgment against him until final judgment is entered on the issues required to be tried.

The motion to quash appeal is refused.