## Colonial Securities Co. *v.* Levy et al. (No. 2), Appellants.

Argued December 4, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Thomas F. Mount,* with him *Joseph W. Henderson,* of *Rawle & Henderson,* for appellant.

*Harry Shapiro,* for appellees, was not heard.

PER CURIAM, January 5, 1931:

In this action based on a surety bond, it is evident from appellants' own statements that the questions involved are of such nature as to require submission to a jury. The court below properly refused both an original motion for judgment for want of a sufficient affidavit of defense and a motion for judgment for want of a sufficient reply to new matter filed in addition to the original affidavit of defense. The opinion filed by the court below, which sat in banc to hear argument on the motion for judgment, states that "the court thinks this is not a case where any judgment should be

given on the pleadings. The amount in suit is upwards of $68,000, the facts are extremely complicated, the defense is based on allegations of fraud, which, in general ......are denied by plaintiff, and it is the kind of a case which can be developed only by a complete hearing of the testimony and of all the facts in connection with the transactions involved." The record before us amply sustains this conclusion.

This court has held on numerous occasions that an order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed except in such cases are are "clear and free from doubt": Goodrich Rubber Co. v. Motor Tire Corp., 291 Pa. 185, and cases there cited. This ruling applies equally to the discharge of an order on a motion for judgment for want of a sufficient reply, since, as we said when the motion to quash the appeal in this case was before us (Colonial Securities Co. v. Levy (No. 1), 301 Pa. 229, the "Practice Acts provide in terms that an affidavit of defense which sets up new matter as an affirmative defense 'shall be regarded as [the pleader's] statement of claim,' and that the plaintiff's reply thereto shall be regarded as 'an affidavit of defense.' "

The order appealed from is affirmed.