Opinion by
 

 Arnold, J.,
 

 Plaintiff filed a complaint in assumpsit to recover damages for the defendant’s breach of a bill of lading contract in failing to deliver 30 cases of whiskey (part of a larger consignment) to a consignee in Appleton, Wisconsin. The parties filed appropriate pleadings. The court below rejected defendant’s motion for judgment on the pleadings and the defendant appealed.
 

 The basis of defendant’s motion for judgment was that the plaintiff admittedly had not complied with the contract set forth in the bill of lading issued by the defendant to the plaintiff, which reads in part: “As a condition precedent to recovery, claims must be filed in
 
 *468
 
 writing with the . . . delivering carrier, or carrier issuing this bill of lading . . . [and in the case] of failure to make delivery, . . . within nine months after a reasonable time for delivery has elapsed; and suits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim. . . . Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.”
 

 Allegedly the whiskey in question was delivered to the initial carrier, the defendant, at Philadelphia about October 14,1944. The final carrier was the Minneapolis, St. Paul & Sault Ste. Marie Railroad Company, herein called the “Minneapolis R. R.”
 

 On June 21, 1945, and within the nine month period required by the bill of lading, the consignee filed a written claim with the Minneapolis R. R. for the loss of the 30 cases of whiskey. On October 12, 1945, the Minneapolis R. R. rejected the claim on the ground that the Pennsylvania Railroad Company claimed that the shipment was 30 cases short when delivered to defendant. According to the terms of the bill of lading “As a condition precedent to recovery, . . . suits shall be instituted against any carrier only within two years and one day from the [date]” when claimant is notified in writing of the disallowance of the claim.
 

 Since the consignee’s claim against the Minneapolis R. R. was rejected on October 12, 1945, according to the terms of the bill of lading suit had to be instituted not later than October 13, 1947.
 

 On January 29, 1946, the consignor-plaintiff filed a claim with the defendant, the initial carrier, for the same alleged loss as was demanded of the Minneapolis R. R. The consignor-plaintiff did not accompany this claim with the original bill of lading, and it therefore
 
 *469
 
 on the same day was required by the carrier to execute a guaranty to protect defendant or any connecting carrier or carriers against any damage or loss
 
 which may result “from the payment
 
 of [the claim in question].” (Italics supplied.)
 

 On February 18,1946, the claim was rejected because of the failure to comply with the terms of the bill of lading heretofore quoted.
 

 On the date of this rejection, February 18, 1946, the time to sue on the rejected claim made against the Minneapolis R. R. had not expired, but had, in fact, more than one year and seven months to run, i.e., until October 13, 1947. No action was brought against any railroad involved in the transportation prior to the running of the limitation, to wit October 13, 1947, and of course not within the year and seven months remaining after the rejection by the defendant of the plaintiff’s claim.
 

 It is conceded that the present claim against the defendant was not filed until long after the nine month period.
 

 The instant action was begun January 16, 1948, and concededly was not brought within two years and one day from the date of the rejection of the claim by the Minneapolis R. R.
 

 Thus the plaintiff is confronted with a dilemma. In order to avoid compliance with the requirement of giving notice of its claim within nine months it must rely upon the notice given to the Minneapolis R. R. on June 21, 1945. But in that event the present suit was not filed within two years and one day of the date of rejection of that claim against the Minneapolis R. R., i.e., not brought before October 13, 1947. Faced with these difficulties, the plaintiff in the court below apparently sought to treat the mere receipt by the defendant of plaintiff’s claim made on January 29, 1946, and the execution by the plaintiff of the indemnification for
 
 *470
 
 loss, as a waiver by the defendant of plaintiff’s compliance with the terms of the bill of lading. With this contention we do not agree.
 

 The freight claim agent of the defendant, with whom plaintiff filed its claim, could not possibly know when he received it on January 29,1946, that a previous claim had been made and rejected (apparently on advice of the Pennsylvania Railroad Company) by the Minneapolis R. R. more than a year before. Therefore the mere receipt of plaintiff’s claim by defendant’s freight agent could not constitute a waiver. The requirement that the plaintiff guarantee defendant from loss resulting from the payment to it of its claim, for exactly the same reasons could not constitute a waiver. In addition, the failure of plaintiff to file the bill of lading with its claim was the plaintiff’s own dereliction, and the guaranty was not operative
 
 unless payment
 
 of plaintiff’s claim was made to it when in fact payment ought to have been made to someone else. For the same reason, neither the receipt for filing of the consignor’s claim for damage, nor the execution of the guaranty, was a reconsideration of the rejection of the claim filed with the Minneapolis R. R.
 

 It is doubtful whether a carrier in an
 
 interstate
 
 shipment may waive the requirements of the bill of lading in regard to notice of claim and time within which to bring suit:
 
 Georgia, Florida & Alabama Railway Co. v. Blish Milling Co.,
 
 241 U. S. 190, 60 L. Ed. 948. Cf.
 
 Concordia Silk Hosiery Co. v. Pennsylvania Railroad Co.,
 
 69 Pa. Superior Ct. 361;
 
 Dobransky v. Adams Express Company,
 
 76 Pa. Superior Ct. 284, 286.
 

 But to constitute a waiver by the carrier there must, in all cases, be some element of estoppel, such as that the acts of the defendant induced a course of conduct by the opposite party, or that the claimant was lulled into a sense of security thereby. There must be a deleterious change of position effected by reason of acts of
 
 *471
 
 the defendant, including its failure immediately to reject the claim. If in the present case the plaintiff had been lulled into a sense of security so that it did not bring suit within the required time, a different question might arise. In fact, since the Minneapolis R. R. rejected the consignee’s claim on October 12, 1945, suit could have been brought at any time prior to October 13, 1947. When the Pennsylvania Railroad Company rejected the present claim on February 18, 1946, there remained more than one year and seven months of the two year and one day limitation. Instead of bringing-such an action before the limitation ran (if need be as a use plaintiff under the consignee), the plaintiff waited until January 16,1948, before bringing suit.
 

 Plaintiff-appellee moved to quash this appeal, contending that there is no authority for an appeal by the defendant from the refusal of the court to enter judgment because of any insufficiency of plaintiff’s reply to new matter. In
 
 Colonial Securities Co. v. Levy et al.,
 
 301 Pa. 229, 151 A. 811, the Supreme Court held that since, under the Practice Act of 1915 as amended in 1929, new pleadings were added, i.e., counterclaim or new matter and plaintiff’s reply thereto, the defendant could appeal from the court’s refusal to enter judgment because of the insufficiency of plaintiff’s reply.
 

 Pa. R. C. P. repealed the Practice Act of 1915 as amended by the Act of 1929. There is, however, no substantial difference between the Practice Act and Pa. R. C. P. Under Pa. R. C. P. 1017 plaintiff must reply to new matter set up by the defendant under Rule 1030, including affirmative defenses. Under Rules 1017-a and 1034, rule for judgment on the pleadings may be had. Pa. R. C. P. do not expressly state that defendant’s new matter or counterclaim shall be treated as a plaintiff’s statement (now complaint), and the reply as an affidavit of defense thereto. But this must certainly be so, for otherwise judgment could never be entered for
 
 *472
 
 the defendant on the pleadings, since the only way to test the sufficiency of the reply to new matter is to treat the reply as an affidavit of defense. In the
 
 Colonial Securities Company
 
 case, supra, the Supreme Court stated: “We may add that this statutory construction affords equal rights under like circumstances to all parties; it can harm no one, for on an appeal from the refusal of judgment for want of a reply, or for want of a sufficient reply, to new matter set up in an affidavit of defense, the rule will be followed that such a refusal will not be reversed unless the pleadings demonstrate, or show beyond doubt, that the appellant was entitled to the judgment asked.”
 

 In the instant case the facts are clear and without dispute, and appellant was entitled to the judgment asked. We are therefore of the opinion that the appeal ought not to be quashed.
 

 The order of the court below is reversed, with instructions to enter judgment for the defendant.