Epstein, Exr., *v.* Kramer, Appellant.

Argued March 30, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ. Appeal, No. 60,

*Alexander Cooper,* with him *Leonard Boreman,* for appellant.

*Reuben Fingold,* with him *A. S. Fingold* and *Fingold & Fingold,* for appellee.

OPINION BY MR. JUSTICE JONES, May 25, 1953:

This appeal is from an order refusing the defendant's motion for judgment on the pleadings which consisted of a complaint in assumpsit, an answer to the merits also setting forth an affirmative defense under new matter and a reply to the new matter. As the order is manifestly interlocutory, its appealability was raised at bar and the ensuing discussion has since been supplemented by further briefs of the parties. The

defendant, contending that such an order is appealable, relies upon the ruling in *Colonial Securities Co. v. Levy (No. 1),* 301 Pa. 229, 230-231, 151 A. 811 (1930). There, a motion to quash appeals from orders of similar character was refused in a *per curiam* opinion. However, the present is the first instance of an appeal to this court from such an order since the ruling in the *Colonial Securities* case almost a quarter of a century ago and, in view of the apparent conflict injected into existing law by the decision in the *Colonial Securities* case, we deem it appropriate and advisable to re-examine the reasons given for the ruling in that case.

In *O'Hara v. Parrish et al.,* 89 Pa. Superior Ct. 177, 178, the defendants moved for judgment for want of a sufficient reply to their counterclaim pursuant to Section 17 of the Practice Act of 1915, P. L. 483, which provided that "When the defendant sets up a set-off or counter-claim, he may move for judgment against the plaintiff for want of a reply, or for want of a sufficient reply to the whole or any part of the set-off or counter-claim; and the court may enter judgment in favor of the plaintiff, or the defendant, for such amount as shall be found due, with leave to proceed for the balance." The motion for judgment having been refused, the defendants appealed. In quashing the appeal, Judge (later Mr. Justice) LINN, whose scrupulous regard for the rules governing appellate jurisdiction and procedure was notable, said, in speaking for the Superior Court,— "We know of no statute authorizing an appeal from such an interlocutory order. While section 15 of the Practice Act provides that 'The set-off or counterclaim shall be regarded as the defendant's statement of claim, and the plaintiff's reply as an affidavit of defense thereto,' *the refusal of judgment for want of a sufficient reply is not the refusal of judgment for want of a sufficient affidavit of defense within the meaning of the act*

*of April 18, 1874, P. L. 64*: See Smith v. Scholl, 262 Pa. 124, 127, where the applicable rule of construction is considered; Bianchi v. Raynor, 82 Pa. Superior Court 122" (Emphasis supplied).

Four years later, the ruling in *O'Hara v. Parrish et al.,* was rejected by this court in the *Colonial Securities (No. 1)* case, supra, for the assigned but obviously irrelevant reason that a 1929 amendment of Sections 15 and 17 of the Practice Act of 1915 had intervened. That the cited amendment (Act of April 22, 1929, P. L. 627) did not have the slightest bearing on the rationale of the decision in *O'Hara v. Parrish* becomes evident upon a moment's reflection. All that the amendment of Sections 15 and 17 did was to add the term "new matter" to the category of "set-off or counterclaim" for which a defendant could move for judgment for want of a reply or want of a sufficient reply under Section 17 of the Practice Act both as originally enacted and as amended. The opinion in the *Colonial Securities* case, then reasoning from the unchanged language of the Practice Act of 1915 that a motion by a defendant for judgment for want of a sufficient reply to new matter was the equivalent of a rule for judgment for want of a sufficient affidavit of defense, concluded that a refusal of judgment for want of a sufficient reply to new matter was by analogy appealable under the Act of 1874 which authorizes an appeal from a refusal of judgment for want of a sufficient affidavit of defense.

The legislative intent thus imputed to the Act of 1874 in the *Colonial Securities* case was not only a patent anachronism but it flew directly in the face of the limited scope which this court had ascribed to the Act of 1874 in *Smith v. Scholl,* 262 Pa. 124, 127-128, 105 A. 41 (1918). The *Scholl* case was concerned with an appeal from an order denying the plaintiff judgment for want of a sufficient answer to his peti-

tion (under the Act of April 20, 1905, P. L. 239) for possession of premises purchased at a sheriff's sale. The appellant contended that ". . . the refusal of the judgment at bar is a 'final,' appealable order, because the case comes within the provisions of the Act of April 18, 1874, P. L. 64, expressly allowing an appeal where judgment for want of a sufficient affidavit of defense is refused.". In rejecting this contention, Mr. Justice MOSCHZISKER, speaking for this court, said (p. 128), —"In the first place, the act cited has no general application to special statutory proceedings such as those before us; and, next, even when this legislation applies, it does not follow that an order appealed from thereunder is, ex necessitate, 'final.' Under the Act of 1874, supra, an appeal lies from the declination of the court to enter judgment for want of a sufficient affidavit of defense, not by reason of the refusal being a final judgment, in the technical sense of that term, for it is not, but simply because the statute expressly provides for an appeal in such case. We conclude that the act relied upon has no relevancy; and further, under the circumstances of this case, that the order in question should be treated as interlocutory."

The instant appeal is, as already stated, the first taken to this court from an order refusing a defendant judgment for want of a sufficient reply to new matter since the decision in the *Colonial Securities* case, cit. supra. While the motion to quash the appeal in that case was refused (301 Pa. 229, 232), when the appeal came on for disposition on the merits, the order of the court below refusing the defendant's motion for summary judgment on the pleadings was affirmed in a brief *per curiam* opinion (see *Colonial Securities Co. v. Levy, (No. 2),* 302 Pa. 329, 331, 153 A. 553) for the reason given by the court below that " 'the court thinks this is not a case where any judgment should be given

on the pleadings. . . . it is the kind of a case which can be developed only by a complete hearing of the testimony and of all the facts in connection with the transactions involved.'" The same observation would be peculiarly apposite here were we to consider the instant appeal on its merits. As the learned court below pointed out, the judgment note (later entered and satisfied), which the defendant pleads under new matter, is not specifically identified as representing the same obligation upon which the plaintiff's complaint is based. Consequently, a judgment for the defendant for want of a sufficient reply to the new matter would, at most, be but an adjudication of a fact and not determinative of the action as a whole. It is clear that the appellate practice sanctioned in the *Colonial Securities (No. 1)* case has not been conducive to the definitive disposition of litigation.

There have been but two such appeals to the Superior Court since the decision in *Colonial Securities Co. v. Levy (No. 1)*, supra. In one of those appeals (*Gehret v. Mitten Bank Securities Corporation*, 120 Pa. Superior Ct. 198, 182 A. 125) the several orders of the court below refusing the respective defendants' motions for judgment were affirmed. The appeal in the other case (*Kinsey Distilling Corporation v. Pennsylvania Railroad Company*, 166 Pa. Superior Ct. 466, 71 A. 2d 802) resulted in a judgment for the defendant, but the motion for judgment, there involved, worked the disposition of the entire controversy. In addition to the two appeals just mentioned, there was also an abortive attempt which need not be included in the present reckoning.[1] Thus, of the appeals that

---

[1] See *Brennan v. Huber*, 104 Pa. Superior Ct. 556, 560, where the defendant sought to appeal from an order refusing him judgment for want of a sufficient reply to new matter in an action of *trespass*. As was there recognized, "rules for judgment are pro-

have been taken from orders refusing judgments for defendants for want of sufficient replies to set-offs, counterclaims or new matter, only one has resulted in a final appellate court order.

Nor are appeals from such interlocutory orders likely to be determinative of the litigation to which they relate. *Colonial Securities (No. 1),* supra, declared that ". . . a refusal [of judgment for want of a sufficient reply to new matter] will not be reversed unless the pleadings demonstrate, or show beyond doubt, that the appellant was entitled to the judgment asked." The extension of the right of appeal to such interlocutory orders in the *Colonial Securities (No. 1)* case was justified on the ground that "this statutory construction affords equal rights under like circumstances to all parties . . . ." The error inherent in that statement resides in the fact that the "circumstances" are *not* alike as to "all parties". Nor can they be. When a plaintiff moves for judgment for want of a sufficient affidavit of defense,[2] he seeks something which, if granted, will make an end of the litigation whereas, when a defendant moves for judgment for want of a sufficient reply to a set-off, counterclaim or new matter, the judgment, should his motion be granted, would not necessarily terminate the action. Indeed, the judgment which a defendant would obtain by such procedure might be entirely wiped out by a judgment later obtained by the plaintiff following a trial of the issues

─────────

vided for in section 17 [of the Practice Act] which plainly limits them to actions in assumpsit." Accordingly, the appeal was dismissed.

[2] A motion for judgment on the pleadings is now the terminology for the procedure: Rule 1034 Pa. R.C.P.. The statement of claim has become a complaint and the affidavit of defense, an answer: see Rule 1017 of the Pa. R.C.P. which prescribes the appropriate pleadings in an action of assumpsit.

under his complaint. *Colonial Securities (No. 1)* plainly
so recognized.  It was there suggested that "in all cases
where such a judgment [for the defendant] is entered
and issues not covered by the new matter must go to
trial, the courts can, and, where appropriate should,
protect the original plaintiff by staying proceedings
on the judgment against him until final judgment is
entered on the issues required to be tried." Thus, the
defendant would have the benefit of the lien of his sum-
mary judgment pending ultimate disposition of the
litigation although, upon final adjudication of all is-
sues, he might turn out to be the net debtor. A plain-
tiff enjoys no such privilege by virtue of a rule for
judgment for want of a sufficient answer (i.e., affi-
davit of defense) to his complaint.  When a judgment
is entered on such a motion, it is dispositive of all
issues in the case.

The Practice Act of 1915, as amended, has since
been suspended by Rule 1452 of the Pennsylvania Rules
of Civil Procedure which now supply (Rule 1017 et
seq.) the rules governing pleadings in actions in as-
sumpsit.  In this connection it is interesting to note
that the new Rules have not carried forward the lan-
guage of Sections 15 and 17 of the Practice Act of
1915, as amended, from which the analogy to a motion
for judgment for want of a sufficient affidavit of de-
fense was drawn in the *Colonial Securities (No. 1)* case,
supra, and for which a right of appeal from the refusal
of the defendant's motion for judgment for want of
a sufficient reply to new matter was accorded by adap-
tation of the Act of 1874, supra.

This court has uniformly declared, by what our
present Chief Justice recently termed "a veritable mul-
titude of decisions", that an interlocutory order or de-
cree is not appealable unless expressly made so by stat-
ute: see *Stadler, Admr., v. Mt. Oliver Borough,* 373 Pa.

316, 95 A. 2d 776, at p. 318 ante and cases there cited. That the order with which we are here concerned is interlocutory is not open to dispute. It is equally clear, notwithstanding what was said in the *Colonial Securities (No. 1)* case, there is no statute which expressly makes appealable an order refusing a defendant's motion for judgment for want of a sufficient reply to new matter. The instant appeal must therefore be quashed. The Act of 1874, supra, which is still extant, can have application only to an order refusing a plaintiff's motion in an action of assumpsit for judgment on the pleadings consisting of the plaintiff's complaint and the defendant's answer, being the respective equivalents of a statement of claim and an affidavit of defense: cf. *Rohm & Haas Company v. Lessner,* 168 Pa. Superior Ct. 242, 244-245, 77 A. 2d 675.

Appeal quashed.