McGee *v.* Singley (et al., Appellant).

Argued April 28, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Calvin J. Friedberg,* with him *Penrose Hertzler* and *Hicks, Williamson, Friedberg & Jones,* for appellant.

*Cletus C. Kilker,* for appellee.

OPINION BY MR. JUSTICE JONES, May 23, 1955:

Joseph J. McGee and his wife instituted an action in trespass against Maurice Singley to recover for personal injuries and property damage sustained by them in an automobile collision allegedly brought about by the defendant's negligence. Singley caused the wife's action to be severed from that of her husband and then joined the husband as an additional defendant in the wife's action, filing, at the same time, a complaint charging the husband with sole or, at least, joint responsibility for his wife's injuries. In his answer to the original defendant's complaint, McGee denied that he had been negligent in the premises and, by way of new matter, averred that, in any event, he had been fully released from the payment of any damages, due to the accident, by reason of two writings executed by Singley. To the additional defendant's new matter, Singley filed a reply wherein he admitted his execution of the releases but asserted that their effect was limited to damages sustained by him in the accident and that they did not relieve McGee of liability for his wife's injuries. McGee moved for judgment on the pleadings and, from the order of the court refusing the motion, he took this appeal.

The order appealed from is interlocutory and the appeal must, therefore, be quashed.

An interlocutory order or decree is not appealable unless expressly made so by statute: see, e.g., *Sullivan v. Philadelphia,* 378 Pa. 648, 649, 107 A. 2d 854; *Epstein v. Kramer,* 374 Pa. 112, 119, 96 A. 2d 912; and *Stadler v. Mt. Oliver Borough,* 373 Pa. 316, 317-318,

95 A. 2d 776, where our present Chief Justice said that the principle is supported by "a veritable multitude of decisions." An order of court which does not terminate the litigation by precluding one of the parties thereto from proceeding further with the action in that court is not final and, consequently, not appealable: *Stadler v. Mt. Oliver Borough,* supra. Stated affirmatively, it is an order or decree which "puts a party out of court" that is final. It is plain enough that an order refusing a party's motion for judgment on the pleadings does not preclude him from further action in the proceeding. Such an order does no more than compel the unsuccessful movant to proceed to a trial of the issues on their merits. We have heretofore recognized the interlocutory character of such an order: *Wark & Company v. Twelfth & Sansom Corporation,* 378 Pa. 578, 580, 107 A. 2d 856; *Epstein v. Kramer,* supra.

There is no statute authorizing an appeal from an order refusing a motion for judgment on the pleadings in the circumstances here obtaining. It is true that the refusal of a plaintiff's motion for judgment on the pleadings is appealable by adaptation of the Act of April 18, 1874, P. L. 64, 12 PS §1097, which made appealable the refusal of the analogous motion, under prior practice, for judgment for want of a sufficient affidavit of defense: *Wark & Company v. Twelfth & Sansom Corporation,* supra, and *Rohm & Haas Co. v. Lessner,* 168 Pa. Superior Ct. 242, 244-245, 77 A. 2d 675. But, the Act of 1874 is not presently germane. The limited scope and effect of that Act were analyzed at length in *Epstein v. Kramer,* supra. In that case an appeal had been taken from an order refusing the defendant's motion for judgment on the pleadings consisting of a complaint in assumpsit, an answer to the merits also setting forth an affirmative defense under

new matter, and a reply to the new matter. We quashed the appeal and, in so doing, disapproved the decision in *Colonial Securities Co. v. Levy (No. 1)*, 301 Pa. 229, 151 A. 811, and reinstated in full vigor the cogent statement of Mr. Justice (then Judge) LINN in *O'Hara v. Parrish*, 89 Pa. Superior Ct. 177, 178, that "the refusal of judgment for want of a sufficient reply is not the refusal of judgment for want of a sufficient affidavit of defense within the meaning of the Act of April 18, 1874, P. L. 64." See, also, *Smith v. Scholl*, 262 Pa. 124, 127, 105 A. 41. In the *Epstein* case, supra, after noting that "there is no statute which expressly makes appealable an order refusing a defendant's motion for judgment for want of a sufficient reply to new matter", we held that "The Act of 1874 . . ., which is still extant, can have application only to an order refusing a plaintiff's motion in an action of assumpsit for judgment on the pleadings consisting of the plaintiff's complaint and the defendant's answer, being the respective equivalents of a statement of claim and affidavit of defense." See, e.g., *Wark & Company v. Twelfth & Sansom Corporation*, supra; and *Rohm & Haas Co. v. Lessner*, supra.

*Broido v. Kinneman*, 375 Pa. 568, 101 A. 2d 647, is readily distinguishable. There, an appeal was taken from an order sustaining plaintiffs' preliminary objections to defendants' counterclaim in an assumpsit action. That order was appealable not by reason of the Act of 1874 but because "Its intendment and effect was to put the defendants out of court so far as their counterclaim was concerned. To that extent the order was final and would, no doubt, have impeded the defendants if unreversed before trial of the plaintiffs' claim. . . . Counsel for the plaintiffs freely and frankly admitted at bar that, if the order were not reversed, he would expect to have the defendants' counterclaim

withheld at trial from submission to the jury as being res judicata." Similarly, an appeal was allowed in *Higgs v. New York Fire Insurance Co.*, 176 Pa. Superior Ct. 310, 106 A. 2d 860, where, in an action of assumpsit, the lower court sustained the plaintiff's preliminary objections to new matter of the defendant. The Superior Court recognized that "This order is final because it has removed defendant's new matter from the case. At the trial defendant would thereby be prevented from presenting evidence of fraud, which is the subject of the new matter." No equivalent element of finality is present in the instant case. At trial, the additional defendant will be free to press his defense of the releases executed by the original defendant.

Nor is it of any legal significance that the question of appealability of the order in the instant case was raised by this court and not by the parties. Even with the consent of all interested parties, appellate jurisdiction of an interlocutory order or decree may not be assumed: *Stadler v. Mt. Oliver Borough,* supra, and *Sullivan v. Philadelphia,* supra, where it was said that "The evident policy of the law in such regard is to preclude piecemeal determinations and the consequent protraction of litigation."

Finally, there has been called to our attention the case of *Killian v. Catanese,* 375 Pa. 593, 101 A. 2d 379, where we inadvertently entertained an appeal from the refusal of a defendant's motion for judgment on the pleadings at least to the extent of affirming *per curiam* on the opinion of the learned judge of the court below. In any event, we cannot accept our oversight in the *Killian* case, supra, "as intending to overrule our many determinations that, in the absence of legislative authority to the contrary, appellate review can be had

of only final orders, decrees, or judgments": *Stadler v. Mt. Oliver Borough,* supra.

Appeal quashed.

Mr. Justice BELL dissents.