## Gathagan v. Fortney

*W. Albert Ramey,* for plaintiff.

*D. Edward Chaplin* and *Dan P. Arnold,* for defendant.

PENTZ, P. J., June 26, 1957.—This matter comes before the court upon a petition and order allowing an appeal from judgment entered by a justice of the peace on March 19, 1957, together with a petition to strike off the order.

The petition upon which the order for appeal was obtained was presented under the Act of May 17, 1956, P. L. (1955) 1626, 42 PS §913a, which provides as follows:

"In every action of trespass before a magistrate, alderman or justice of the peace, in which a right of appeal from the decision thereof to the court of common pleas now exists, the right of appeal shall hereafter apply only where the judgment given by the magistrate, alderman or justice of the peace shall exceed the amount of one hundred dollars ($100), excluding costs. In case the amount of the judgment does not exceed one hundred dollars ($100), the judgment of the magistrate, alderman or justice of the peace shall be final except by petition to the court of common pleas for special allowance."

The judgment appealed from was rendered by the justice of the peace upon an action of trespass, regularly brought, and at a trial held March 19, 1957. At the trial plaintiff and defendant were both present with their witnesses and represented by counsel.

At the time the petition for appeal was presented, on March 25, 1957, the transcript of the justice of the peace was not before the court.

On April 18, 1957, plaintiff filed petition to strike off the order granting the appeal.

At the time of argument on the petition to strike off the appeal, the transcript was before the court. The transcript indicated a full hearing was accorded all the parties, and after due consideration, judgment was entered in favor of plaintiff in the sum of $100.

The facts set forth in the two petitions, and as adduced at the time of the argument, are more in detail than those set forth in the transcript.

From the transcript and the two petitions it appears the parties plaintiff and defendant had a collision, with their respective automobiles, at a T intersection. In the conflicting evidence concerning the facts, the justice of the peace arrived at a conclusion in favor of plaintiff, rejecting the version of defendant. From the transcript, as well as from the two petitions, it is clear the justice of the peace passed upon the conflicting facts after seeing and hearing the parties and their witnesses testify, and the respective counsel cross-examined the parties and witnesses.

There is nothing indicated in the petition for allowance of an appeal, other than the averment of defendant that plaintiff was contributorily negligent. There appears no objection to the jurisdiction of the justice of the peace, the action being one of direct trespass, and not trespass on the case. Nothing is indicated or asserted that defendant did not have a full hearing; she was accorded the right to cross-examine plaintiff and his witnesses, and was allowed her day in court.

The intent and purport of the Act of 1956, supra, is to relieve the courts of common pleas of these smaller cases, in which the damage involved is not in excess of $100. Even with the arbitration rule now in effect in Clearfield County, as well as many other counties, the cost of a trial before arbitrators is still largely upon

the county. Whether or not there are arbitrators, there is, nevertheless, time involved in the general business of the courts, as well as that of the litigants. The act is directed toward relieving the volume and pressure of business before the common pleas courts.

Prior to the Act of 1956, actions of trespass before a justice of the peace were final, unless the judgment exceeded the sum of $5.33. This had been the limitation on the right of appeal since the Act of March 22, 1814, P. L. 190, 6 Sm. L. 182, sec. 3, 42 PS §913. It is not a violent assumpton that the purchasing power of $5.33 in 1814 does not compare unfavorably with the purchasing power of $100 in 1956 or 1957. Thus the amount involved, and which defendant is called upon to pay, is as small, relatively, today, as it was in 1814 and since.

The only variation of the limitation on appeals, of the Act of 1814, was the allowance of an appeal when the claim of plaintiff was in excess of $5.33, and judgment was entered by the justice for $5.33 or less. In such case, not only had plaintiff a right of appeal, but defendant also, by virtue of the Act of March 20, 1845, P. L. 188, sec. 3, 42 PS §912, by which defendant was given the same right of appeal in all cases in which a right of appeal is enjoyed by plaintiff.

There is a further distinction in the Act of 1956, in that the limitation of appeals for judgments not in excess of $100 is not final, but is allowable on petition to the court of common pleas for special allowance, a provision not existing in the preceding Act of 1814.

Considering the object of the Act of 1956, and its phraseology, a court of common pleas should construe the special allowance of the appeal to be confined to a real miscarriage of justice at the trial before the justice of the peace or alderman. When, as in the case at bar, there is no more than a conflict in the evidence, and

the transcript shows that, and also shows the parties were accorded all of their rights, were represented by counsel, had the right to, and did cross-examine the parties and their witnesses, there is nothing to justify an appeal by special allowance. The intent of the special allowance was to cure, by allowing an appeal, any rights the parties may have been deprived of during the proceeding before the justice, or upon a showing that the finding of the justice was a gross disregard of the clear weight of the evidence, prejudice on the part of the justice of the peace or a manifest favoritism toward one party or the other.

Generally, in Pennsylvania, the right of appeal in some form is among the incidents of a court of record, unless it is specifically denied. The general rule is that where a proceeding is contrary to the common law, no appeal is permitted except as expressly allowed by statute, and in all such cases, the legislative provision conferring the right of review must be strictly adhered to: 9 Standard Pa. Practice 22; Smith v. Scholl, 262 Pa. 124; White Township School Directors Appeal, 300 Pa. 422.

After due consideration, the court concludes the rule allowing an appeal in the case at bar was improperly entered, and it will be stricken off.

### Order

Now, June 26, 1957, the order of March 25, 1957, allowing an appeal, is stricken off, and judgment for plaintiff before the Justice of Peace, R. P. Neal, of the Borough of Clearfield, Clearfield County, is affirmed. Costs upon defendant.