Sultan, Appellant, *v.* Sentry Insurance Company.

Argued September 21, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John Capek,* with him *Marvin I. Lessin,* and *Manchel, Lundy, Lessin, Finkel and Rabelow,* for appellant.

*Dudley Hughes,* with him *Detweiler, Hughes & Marcus,* for appellee.

OPINION BY HOFFMAN, J., November 11, 1971:

This is an appeal from the order of the lower court denying plaintiff's motion for summary judgment brought pursuant to Rule 1035 of the Pennsylvania Rules of Civil Procedure.

The issue as framed by the pleadings in the court below was whether an insurer may reduce its liability under the uninsured motorist provision of its contract of insurance by payments made or to be made under the medical payments provision of the same contract of insurance.

After hearing, the lower court concluded that "the aforementioned policy provision leads to conflicting in-

ferences of fact. If the interpretation of an agreement may depend upon the intention of the parties, or if conflicting inferences of fact are permissible, there are genuine issues of fact and summary judgment cannot be entered, Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968). Reading the entire record in the light most favorable to the non-moving party, we find genuine issues raised as to material facts and conclude that these issues should be placed before the trier of fact to determine the intention of the parties."

Accordingly, the trial court's ruling denying plaintiff's motion for summary judgment was not either in form or in effect a final judgment from which an appeal would lie. See *Epstein v. Kramer*, 374 Pa. 112, 96 A. 2d 912 (1953).

This appeal is quashed and the case is remanded to the trial court.

JACOBS, J., would affirm.