## Alston v. The Travelers Insurance Co.

*Joseph S. Grossman,* for plaintiffs.
*David M. McCormick,* for defendant Travelers Ins. Co.
*A. Peter Prinsen and Brian P. Pincus,* for additional defendant Temple Ins. Co.

DOTY, *J.,* April 15, 1983—This matter is before the court on a motion for judgment on the pleadings

against all other parties filed by defendant Travelers Insurance Company (hereinafter Travelers). On April 15, 1983, this court granted the motion dismissing Travelers from the case. A second order entered judgment against additional defendant Temple Mutual Insurance Company (hereinafter Temple), and in favor of plaintiffs Williams Alston, Mary Johnson and Anna C. McClary. On April 25, 1983, plaintiffs filed a notice of appeal from the first order to the Superior Court of Pennsylvania (no. 1107 Philadelphia 1983). On May 20, 1983, Temple filed its notice of appeal from the second order to the Superior Court (no. 1398 Philadelphia 1983). This opinion is being filed in support of the above orders.

## FACTS

The facts set forth are consistent with those set out in the pleadings. Since defendant Travelers moved for a judgment on the pleadings, all averments of fact properly pleaded or admitted by the adverse parties are assumed to be true. Cary v. Lower Merion School District, 362 Pa. 310, 66 A.2d 762 (1949). On August 9, 1981, plaintiffs were injured in a two-vehicle accident in Philadelphia. Plaintiff William Alston was at that time an employee of the United States government and a Pennsylvania resident. Plaintiffs Mary Johnson and Anna McClary were residents of Pennsylvania and New York, respectively. None of plaintiffs were insured. The automobile driven by Alston was owned by the United States government and had a United States government license plate. Johnson and McClary were passengers in the automobile driven by Alston. The other automobile involved in the accident was driven by Paul Marcolina, a Pennsylvania resident whose automobile was insured by Temple. In May, 1982, plaintiffs submitted applications for no-fault

benefits to Travelers through the Pennsylvania Assigned Claims Plan. Travelers refused to pay any no-fault benefits to plaintiffs.

On October 15, 1982, plaintiffs commenced this suit against Travelers, who responded by way of an answer with new matter and counterclaim. Travelers also filed a complaint against additional defendant Temple on November 10, 1982. On December 3, 1982, plaintiffs responded to defendant Travelers' new matter and counterclaim. On December 30, 1982, additional defendant Temple answered Travelers' complaint. On February 28, 1983, defendant Travelers filed a motion for judgment on the pleadings requesting dismissal of plaintiffs' complaint. This motion was granted after oral argument on April 15, 1983, by the Honorable Ethan Allen Doty. Two orders which were issued dismissed plaintiffs' complaint with respect to defendant Travelers and granted judgment on the pleadings in favor of plaintiff and against Temple.

Plaintiffs filed a petition for reconsideration on May 13, 1983. However, the decision could not be reconsidered because plaintiffs had already filed an appeal to the Superior Court (1107 Philadelphia 1983) on April 26, 1983, and no order granting reconsideration was signed within the 30-day period. Therefore, Rule 1701 of the Pennsylvania Rules of Appellate Procedure bars further action by the court of common pleas. See Christina Leonard et al. v. Anderson Corporation et al., Superior Court no. 1889, Philadelphia 1981 (Opinion by Hoffman, J., May 21, 1982.)

## DISCUSSION

Judgment on the pleadings may be granted in this case because the pleadings were closed, in accord with the requirement set out in Rule 1034 of

the Pennsylvania Rules of Civil Procedure. When the facts are not disputed by the parties and a controlling question of law needs to be decided, a party may move for judgment on the pleadings, Epstein v. Kramer, 374 Pa. 112, 96 A.2d 912 (1953). This is the situation of the case at hand.

At issue is whether automobiles owned by the United States government are "motor vehicles" subject to the Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, §101 et seq., 40 Pa.C.S. §1009.101 et seq. (hereinafter No-fault Act). To qualify for no-fault benefits, an injury must have resulted from the maintenance or use of a motor vehicle, as defined in section 103 of the act, 40 P.S. §1009.103. This action defines a "motor vehicle" as "a vehicle of a kind required to be registered under the Act of April 29, 1959, P.L. 58, known as The Vehicle Code." However, motor vehicles owned by the United States government and used for official purposes and regularly housed outside of the District of Columbia are not required to be registered in the states in which they are primarily used. See 41 C.F.R. §101-38.202 (1981). As such, they are not "of a kind" required to be registered in Pennsylvania or any other state, regardless of their use. Given the unique circumstances of the case, this court is of the opinion that the occupants of the federally-owned vehicle should be treated as uninsured occupants of an exempt vehicle.

Thus, if plaintiffs are not eligible for collateral benefits from the United States government, they may recover from the security of any motor vehicle involved in the accident, as provided in §204(a)(4) of the act, 40 P.S. §1009.204(a)(4). In this instance Temple is the security covering the other automobile involved in the accident. As such, Temple is

the proper obligor to provide no-fault benefits to the injured plaintiffs.*

Therefore, based on the above, the orders of this court dated April 15, 1983, are hereby affirmed.

---

* Subsequent to the decision and appeals, this court discovered that the same issue was recently before the United States District Court for the Eastern District of Pennsylvania, where it was held that a federally-owned vehicle is of a kind required to be registered and its occupants, if uninsured, should seek benefits through the assigned claims plan pursuant to §204(a)(5) of the No-fault Act, 40 P.S. §1009.204(a)(5). See Bell v. United States Department of Labor, no. 82-3327 (E.D., Pa., March 25, 1983). Despite the cogent reasoning of Judge Weiner, this court must respectfully disagree. In the absence of any state appellate court decision on the issue, this matter being an interpretation of state law, this court chooses to decide independently and treat the issue as a matter of first impression.