Reading Company, Appellant, *v.* Willow
Development Company, Inc.

Argued January 10, 1962. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*C. Laurence Cushmore, Jr.,* with him *White & Wil-
liams,* for appellant.

*John A. Eichman, 3rd,* with him *Clark, Spahr, Eich-
man & Yardley,* for appellee.

OPINION BY MR. JUSTICE EAGEN, May 21, 1962:

This is an action in equity wherein plaintiff appeals from an order in the court below dismissing a motion for judgment upon the pleadings.

The order complained of is interlocutory from which an appeal does not lie. The appeal will, therefore, be quashed.

An interlocutory order is not appealable unless expressly made so by statute. As stated in *Stadler v. Mt. Oliver Borough*, 373 Pa. 316, 95 A. 2d 776 (1953), at 317, 318: "By a veritable multitude of decisions it has been established that, unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action. The court cannot assume such appellate jurisdiction even by consent of the parties: [citing cases]. Nor is an order, judgment or decree final unless it terminates the litigation. between the parties to the suit by precluding a party from further action in that court: [citing cases]."

Further, the question of the appealability of an order goes to the jurisdiction of the Court and may be raised by the Court itself: *McGee v. Singley*, 382 Pa. 18, 114 A. 2d 141 (1955).

It is patently clear that the order appealed from did not terminate the present proceedings or preclude the plaintiff from further action in the court below. It is, therefore, not a "final order." Also, there is no statute expressly giving the right to appeal.

The Act of April 18, 1874, P. L. 64, §1, 12 PS §1097, has no application in the present case. This statute is limited in scope and effect and permits an appeal from an order refusing plaintiff's motion for judgment on the pleadings in actions of assumpsit only, and then only when plaintiff's motion for judgment is refused upon pleadings consisting of plaintiff's complaint and defendant's answer: *Epstein v. Kramer*, 374 Pa. 112, 96

A. 2d 912 (1953). It has no application to actions in equity.

It may be argued that the Pennsylvania Rules of Civil Procedure enlarged the scope of what are appealable interlocutory orders. This is not correct, although this Court inadvertently so indicated in a footnote contained in *Grossman v. Hill*, 384 Pa. 590, 122 A. 2d 69 (1956). While it is true that Pa. R. C. P. 1501, specifically provides that thenceforth, "the procedure in an action in equity shall be in accordance with the rules relating to the action of assumpsit," this relates solely to the practice and procedure in the courts of the first instance. This rule did not, nor did it intend, to enlarge appellate jurisdiction. The Act of June 21, 1937, P. L. 1982, No. 392, §1, as amended, 17 PS §61, which authorized the promulgation of these Rules of Civil Procedure by the Supreme Court clearly limited their scope to *the practice and procedure* in the courts of the first instance. Jurisdiction of the courts remained unaffected.

Appeal quashed. Costs to abide the result.