## Weste *v.* Grayson-Robinson Stores, Inc., Appellant.

Argued January 11, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*R. Silverman,* with him *Albert C. Gekoski,* for appellant.

*Mansfield C. Neal, Jr.,* with him *William H. Brown, III,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 16, 1965:

This is an action of trespass wherein defendant appeals from an order in the court below which dismissed its motion for judgment on the pleadings.

Since the order which dismissed defendant's motion for judgment on the pleadings is an interlocutory order, and since a special right to appeal is not expressly given by statute, no appeal will lie. Absent a statute an appeal lies only from a definitive order, decree or judgment which finally determines the action.[1] The Act of April 18, 1874, P. L. 64, §1, 12 P.S. §1097, which permits appeals from an order refusing plaintiff's motion for judgment on the pleadings, affords no aid to appellant for two reasons: (1) appellant is the defendant and the Act applies only to the plaintiff, and (2) the Act of 1874 is limited in its scope to orders refusing motion for judgment on the pleadings in actions of assumpsit. *Reading Company v. Willow Development Company, Inc.*, 407 Pa. 469, 181 A. 2d 288 (1962).

Appeal quashed.

---

[1] "By a veritable multitude of decisions it has been established that, unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action. The court cannot assume such appellate jurisdiction even by consent of the parties. . . ." *Stadler v. Mt. Oliver Borough*, 373 Pa. 316, 317-318, 95 A. 2d 776 (1953).