Vendetti *v.* Schuster, Appellant.

Argued March 17, 1965. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*John G. Gent,* with him *Curtze, Gent & McCullough,* for appellant.

*J. S. Jiuliante, Sr.,* with him *Mario P. Restifo,* and *Jiuliante, Jiuliante, Kellehcr & Restifo,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 20, 1965:

The plaintiff, an armed services veteran, was operated on by defendant while plaintiff was a patient in the United States Veterans' Hospital in Erie. Plaintiff's action in trespass was brought on the theory that the defendant's surgery was performed in a negligent manner and resulted in severe damage to the plaintiff's left knee.

Defendant appeals from an Order of the lower Court which dismissed two motions filed by him. Defendant first moved for *judgment on the pleadings,* based upon his alleged *immunity* from suit for negligent conduct. Defendant contends that as a surgeon employed by the Government in a Veterans' Hospital, he was engaged in a policy-making function for a Sovereign, and consequently was clothed with the *immunity* to which officers of the United States are entitled.

Defendant also filed a motion to *dismiss* plaintiff's action because (1) the complaint failed to state a claim or cause of action upon which relief could be granted, and (2) because ". . . the plaintiff's remedies are limited to an action against the United States under the Federal Tort Claims Act [28 U.S.C., Sec. 1346 et seq.]. . . ."

Interlocutory Orders

An Order denying a defendant's motion for judgment on the pleadings and likewise an Order denying a defendant's motion to dismiss is interlocutory: *Reading Company v. Willow Development Co.*, 407 Pa. 469, 181 A. 2d 288; *Nosal v. Nosal*, 410 Pa. 304, 189 A. 2d 262; *Hair v. Ference*, 352 Pa. 164, 166, 42 A. 2d 535; *Becker v. Saylor*, 317 Pa. 573, 576, 177 A. 804; *Branna Construction Co. v. West Allegheny Joint School Auth.*, 414 Pa. 251, 253, 199 A. 2d 414. Interlocutory Orders are not appealable, unless expressly made so by statute: *Branna Construction Co. v. West Allegheny Joint School Auth.*, 414 Pa., supra; *Reading Company v. Willow Development Co.*, 407 Pa., supra.

The Act of April 18, 1874, P. L. 64, §1, 12 P.S. §1097, relied upon by defendant, is inapplicable because that Act applies only to appeals from a denial of *plaintiffs'* motions in *assumpsit* cases: *Weste v. Grayson-Robinson Stores, Inc.*, 417 Pa. 6, 207 A. 2d 851; *Reading Company v. Willow Development Co.*, 407 Pa., supra, at page 470; *Nosal v. Nosal*, 410 Pa. 304, 306.

Jurisdiction

A closer question arises under the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672,* which allows an appeal "wherever in any proceeding at law or in equity *the question of jurisdiction over the defendant or of. the cause of action* for which suit is brought is raised in the court of first instance. . . ."**

---

* Section 3 of this Act requires that "The appeal here provided for must be taken and perfected within fifteen days from the date when the decision is rendered. . . ." In the instant case, 42 days elapsed between the date of the Order and the taking of the appeal. These facts constitute an additional reason for the result arrived at herein.

** Italics throughout, ours.

Even if the defendant is in fact immune from suit as he contends, the Court below undoubtedly had *jurisdiction of the cause of action* because it has the jurisdiction and power to inquire into actions of trespass. In *McWilliams v. McCabe,* 406 Pa. 644, 179 A. 2d 222, the Court said (page 648) : ". . . '. . . the test for determining whether a court has jurisdiction of the subject matter is the competency of the court to determine controversies of the general class to which the case presented for its consideration belongs, and the controlling question is whether the court had power to enter upon the inquiry, not whether it might ultimately decide that it was unable to grant the relief sought in the particular case. . . .' [citing numerous cases]."

Defendant was properly served in Pennsylvania with a summons and a complaint in trespass. He alleges immunity from suit (a) because he is an officer of the United States, and (b) because plaintiff's remedies are limited to an action against the United States. These defenses do not attack the jurisdiction of a State Court over the defendant. While we have found no case directly in point and none has been called to our attention by either party, analogous cases are *Welser v. Ealer,* 317 Pa. 182, 176 A. 429; *Simpson v. Simpson,* 404 Pa. 247, 172 A. 2d 168; *McGinley v. Scott,* 401 Pa. 310, 164 A. 2d 424. Cf. also: *McWilliams v. McCabe,* 406 Pa., supra; *Gardner v. Allegheny County,* 382 Pa. 88, 114 A. 2d 491; *University Square No. 1, Inc. v. Marhoefer,* 407 Pa. 257, 180 A. 2d 427.

In *University Square No. 1, Inc. v. Marhoefer,* 407 Pa., supra, the Court held (pages 259-260) "that an arbitration provision in a contract . . . does not affect the jurisdiction of the lower Court: Witney v. Lebanon City, 369 Pa. 308, 85 A. 2d 106."

In *Simpson v. Simpson,* 404 Pa., supra, the Court said (page 251) : "Jurisdiction of subject matter relates to the competence of a court to hear and deter-

mine controversies of the general nature of the action before the court; jurisdiction of the person is ordinarily acquired by service upon him of the court's process within the territorial limits of its authority; . . .: County Construction Co. v. Livengood Construction Corp., 393 Pa. 39 (1958), 142 A. 2d 9; McGinley v. Scott, 401 Pa. 310 (1960), 164 A. 2d 424."

In *Welser v. Ealer,* 317 Pa., supra, an appeal was taken under the Act of 1925, supra. The Court said (page 183) : ". . . The action is in trespass to recover damages for injuries resulting from an automobile accident. Defendant, the owner of the car in which plaintiff was riding when the accident occurred, filed a petition under the Act of 1925, supra, questioning the jurisdiction of the court on the ground that plaintiff, at the time of receiving the injury here complained of, was an employee of defendant and injured in the course of his employment. The petition further asserted that, as a consequence of the facts averred therein, 'plaintiff is precluded from asking damages for his injury by any method other than that prescribed in the Workmen's Compensation Act.'. . ." We then held that no jurisdictional question was involved.

By analogy, these cases control the instant case and hold that the fact that a plaintiff is precluded from recovering damages for injuries because of an affirmative defense or by any method or procedure other than that prescribed in a statute or Act of Congress, does not raise a question of jurisdiction over the person or over the cause of action under the Act of 1925.

The Federal Tort Claims Act does not purport to cover actions against an officer of the United States, but by its express terms *is limited to actions and claims against the United States.* The Act provides that claims for damages caused by negligence can be made against the United States and must be brought in the Federal District Courts or in the Court of Claims.

73

The aforesaid Orders of the lower Court which denied (a) judgment on the pleadings, and (b) a motion to dismiss, are interlocutory and are not appealable.

In the instant case, appellee presented no motion to quash. However, the question of the appealability of an Order goes to the jurisdiction of this Court and may be raised at any time by the Court itself: *Reading Company v. Willow Development Co.*, 407 Pa., supra; *McGee v. Singley*, 382 Pa. 18, 114 A. 2d 141.

Appeal quashed.

