Linda Development Corp. *v.* Plymouth Township, et al.
Linda Development Corp. *v.* Muir, et al.
Linda Development Corp. *v.* Muir, et al.

Argued May 4, 1971, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS.

*Milton S. Lazaroff*, with him *Techner, Rubin & Shapiro, John G. Kaufman* and *Bean, DeAngelis, Kaufman & Giangiulio*, for appellant.

*Paul W. Callahan*, with him *Fox, Differ, Mazer & Callahan*, for appellee, Plymouth Township.

*Gerald D. Garfinkle*, for appellees, Muir, et al.

OPINION BY JUDGE CRUMLISH, JR., September 29, 1971:

Before this Court are three appeals all brought by Linda Development Corporation and all involving the proposed development of a high rise apartment on a tract in Plymouth Township, Montgomery County. Cases 941 T.D. 1970 and 993 T.D. 1970 are appeals from orders of the Court of Common Pleas of Montgomery County dismissing Linda's preliminary objections to the complaints filed below by residents of the Township. Case 68 C.D. 1971 is an appeal from the denial by the Court of Common Pleas of a mandamus to compel the Township to issue a building permit for the proposed apartment. With some modification, we are in accord with the positions advanced by Linda.

All three cases arise out of the same factual situation. On September 8, 1969, Plymouth Township amended its zoning ordinance by changing the district in which Linda's land is located from "A-Residential" to "High Rise Apartment". In the latter part of September, certain area residents filed two actions appealing the enactment of this amendment. Number 941 T.D. 1970 arises from civil action number 69-13643 of the Law Division of the Court of Common Pleas of Montgomery County contesting the procedural and substantive propriety of the amendment. Number 993 T.D. 1970 is an appeal from Number 18 September Term

1969 of the Quarter Sessions Division (Criminal) of the Court of Common Pleas of Montgomery County contesting the procedural propriety of the amendment. Linda filed preliminary objections to both actions in the lower court which on August 5, 1970 dismissed the preliminary objections and the appeals followed.

While these actions were proceeding below, Linda attempted to secure a building permit for its proposed project. On December 8, 1969 the Township refused to consider Linda's application giving two reasons: the pending suits; and the failure of Linda to supply certain data in support of its application which the Township official contended was required. Meanwhile, on November 4, 1969, two new members of the Board of Commissioners of Plymouth Township were elected after a vocal campaign in which one of the major issues was Linda's proposed plan. With these two new members, the Board on January 5, 1970 set a zoning hearing to consider further amendment to the ordinance which would rezone the Linda "High Rise Apartment" tract back to "A-Residential". Advertisement for the hearing was published January 14, 1970. Thereafter, on January 21st Linda filed another application for a building permit which was rejected because of the pending ordinance and of Linda's failure to supply complete drainage plans. Linda thereafter filed civil action number 70-01032 seeking a writ of mandamus in the Court of Common Pleas of Montgomery County which found for the Township. Following argument and the adverse decision upon the exceptions, Linda appealed to this Court in Number 68 C.D. 1971. Because of its effect upon our disposition of the other two appeals, we will first discuss the appeal of the mandamus.

### 68 C.D. 1971

The court below, in its opinion on all three consolidated cases, assigned two reasons for dismissing Linda's

exceptions to the mandamus ruling: (1) the zoning ordinance under which Linda applied for a permit was the subject to, two suits attacking its validity; and (2) the pending rezoning of this land "A-Residential" precluded the issuance of a permit. As discussed herein, the two suits attacking the September 8th amendment should have been dismissed by the lower court upon Linda's preliminary objections. This being so, the pendency of these suits would no longer affect Linda's right to a permit under that ordinance.[1]

As to the second reason advanced by the court below, we need not consider, as was done above, the issues of determining whether the rezoning was pending at the time of the application or whether the Township impeded Linda's effort to make application at the proper time. The rezoning has become effective, and as a consequence the Linda tract is now zoned "A-Residential". Ancillary to, and now more important than the question of whether the rezoning was pending, is the question of the validity of the rezoning ordinance itself. Where an applicant has been denied a permit because of a pending ordinance he may challenge on appeal the constitutionality of that ordinance as finally enacted. *Commercial Properties, Inc. v. Peternel*, 418 Pa. 304, 211 A. 2d 514 (1965).

We agree with Linda's contention that the new rezoning is unconstitutional. *Commercial Properties, Inc., supra.* There the Supreme Court found the rezoning to be unconstitutional, saying: "In the opinion entered in support of the court's decision below, it was said, '. . . there is not the slightest doubt that the sole purpose of this [proposed rezoning] Ordinance was to prevent *these plaintiffs* from constructing the project

---

[1] By our treatment of this issue, we do not pass upon the propriety of the lower court's holding that pending challenges to the validity of a zoning ordinance prevent the issuance of permits thereunder.

they planned. . . . We think that plaintiffs have met their burden of proving the invalidity of this Rezoning Ordinance. . . . [T]he conduct of the Township officials in their relations with the plaintiffs and the action of the Township Commissioners in introducing the Rezoning Ordinance were not in good faith, but were contrived for the sole purpose of preventing the legal use by plaintiffs of their property, and therefore constituted "arbitrary and unreasonable intermeddling with the private ownership of property," which the Supreme Court has condemned in Medinger Appeal, [377 Pa. 217, 104 A. 2d 118 (1954)]. It is impossible to escape the conclusion that the Rezoning Ordinance here involved was " 'special legislation, unjustly discriminatory, arbitrary, unreasonable and confiscatory in its application, in that it was aimed at this particular piece of property:' " Shapiro v. Zoning Board of Adjustment, 377 Pa. 621, 628.' (Emphasis in original.)

. . . .

"It makes no difference whether it is a ¼ acre lot or a 50 acre industrial complex area which is the subject of the rezoning. *If it is aimed at preventing a theretofore legal use of an integrated unit owned by one common interest, the action cannot be supported as valid rezoning.* In so saying, we do not mean to stagnate zoning classifications. However, under the peculiar facts of this case, it cannot be said that the purpose was for the health, safety and general or moral welfare of the community. *The sole purpose, . . . was to prevent a then lawful use of this land by these plaintiffs.*" (Emphasis added.) 418 Pa. at 311-12.

We disagree with the court below that *Commercial Properties, Inc.* is inapplicable here because the ordinance granting the lawful use of the land was under attack and in the skirmish doubt was cast as to the legality of the proposed use. There is no doubt that at the time the new ordinance was proposed and passed,

high rise apartments was a permissible and legal use of the Linda tract. Neither can there be any doubt, as the record amply reveals, that the "sole purpose" of the rezoning ordinance was to "prevent" that lawful use of the tract by Linda. The rezoning ordinance of Plymouth Township was "special legislation, unjustly discriminatory, arbitrary, unreasonable and confiscatory in its application, in that it was aimed at this particular piece of property" with the intent of preventing "a then lawful use" of that property by appellants.[2]

Since the rezoning ordinance is unconstitutional and since the two suits pending against the original "high rise apartment" zoning amendment are herein dismissed, Linda has a clear and unfettered right to its building permit upon compliance with the Township's regulations governing the issuance of such permits. The Township has raised in this appeal the question of the compliance with these regulations, and while the record contains some evidence on this issue, the court below failed to make any finding on it. Therefore, we condition our order to issue the building permit upon Linda's future compliance with the Township's issuance requirements.

On the other two appeals, appellee strongly contends that the appeals are interlocutory in nature and therefore are not appealable. We have been directed to *Vendetti v. Schuster*, 418 Pa. 68, 208 A. 2d 864 (1965) and *McWilliams v. McCabe*, 406 Pa. 644, 179 A. 2d 222 (1962), which would seem to prohibit any appeal of the disposition of preliminary objections unless that objection goes to "whether a Court has jurisdiction of the subject matter . . . [as measured by ] . . .

---

[2] Under similar circumstances, this Court struck down a special purpose zoning ordinance amendment which was enacted solely to prevent a "then lawful use" of a specific property as a golf course. *Limekiln Golf Course, Inc. v. Zoning Board of Adjustment*, 1 Pa. Commonwealth Ct. 499, 275 A. 2d 896 (1971).

the competency of the Court to determine controversies of the general class to which the case presented for its consideration belongs . . .". *McWilliams*, 406 Pa. at 648. This language while vague would seem to preclude appeal of at least the dismissal of Linda's motion to strike in 993 T.D. 1970 (failure to file the required bond). It could also be interpreted to preclude appeal in 941 T.D. 1970. However, while this Court is dedicated to follow procedural standards, our adherence to this line of cases in the instant situation would only lead to further confusion and be a waste of time. The actions filed in the court below challenging the September 8, 1969 ordinance are both fatally defective for the reasons advanced by appellant. However, their continued existence creates a stumbling block to the proper disposition of Linda's mandamus request, and may even jeopardize the legal rights of the protestants. By hearing 941 and 993 T.D. 1970 upon the merits, this Court can place this confused situation in its proper perspective and assist in making ripe the controversy surrounding the September 8, 1969 amendment. In this way, the contentions of all parties may be properly aired in the proper forum in a proper action.[3]

## 941 T.D. 1970

In dismissing Linda's preliminary objection in case number 69-13643 in the Law Division of the Court of Common Pleas, Judge HONEYMAN set forth the following commentary:

"In the first suit, (69-13643), brought under the Act of July 31, 1968, Act No. 247, (53 P.S. 10101), the petitioners sought to challenge the validity of the

---

[3] The Court must as a caution to the bar note that it does not intend this case to stand as an exception to *Vendetti* and *McWilliams* except to the extent that factual and legal confusion as herein abounds may in the future confound another appeal.

zoning change pursuant to the provisions of the Municipalities Planning Code. Defendant, Linda Development Corp., filed preliminary objections contesting this Court's jurisdiction under said act, which objections were opposed by both the plaintiff and the other defendants, Plymouth Township and the Commissioners thereof. Defendant, Linda Development Corp., contends that there is no provision for an appeal to the Court of Common Pleas from action by the Township Commissioners established by the provisions of the Municipalities Planning Code. Further, Linda Development Corp. contends that the nature of the appeal by plaintiffs is a test of the procedural requirements involved in the passing of an ordinance and, as such, exclusive jurisdiction for this type of action is vested in the Court of Quarter Sessions by reason of the Act of June 24, 1931, (53 P.S. 56502) as amended. There is a two pronged argument contained in the preliminary objections of the defendant, Linda Development Corp., and the rebuttals thereto. First, there is the question of the inclusion in the Municipalities Planning Code of the right to take an appeal, testing the validity of an enacted ordinance by the Township Commissioners, to the Court of Common Pleas. Secondly, there is the question of whether or not this appeal raises questions of procedural irregularities and thus should have been brought under the Act of June 24, 1931, (53 P.S. 56502) as amended, or whether it raises substantive errors which would remove it from that Act's jurisdiction. It is precisely due to these complex questions arising under a relatively new and untested comprehensive act such as the Municipalities Planning Code that the Court decided not to strike plaintiff's Complaint at this stage in No. 69-13643. Under the Municipalities Planning Code a case can be made out to support both plaintiff's and defendant's position as to jurisdiction."

We agree with appellant that the Pennsylvania Supreme Court has spoken to both of these issues in *Roeder v. Hatfield Borough Council*, 439 Pa. 233, 266 A. 2d 626 (1970). On the question of the procedural validity of a zoning ordinance in the footnote at page 246 of its opinion, the Supreme Court stated: "As to testing defects in the process of enactment of an ordinance by a borough, the MPC §915, states that these issues may be raised in a proceeding before the Board only within 30 days of the effective date of the ordinance. Even though the MPC thus creates a statute of limitations, it does not create a formal procedure by which such questions may be raised. As §910 explicitly states that the Board has no such power to pass on the validity of an ordinance and as such questions will rarely involve issues within the special competence of the Board, *issues concerning the process of enactment should be brought before the Court of Common Pleas (formerly the Court of Quarter Sessions) within 30 days of the date of enactment pursuant to §1010 of the Borough Code.*" (emphasis added).

In the instant case, the First Class Township Code, Act of June 24, 1931, P. L. 1206, Art. XV, Section 1502, 53 P.S. §56502(c) provides that "complaint as to the legality of any ordinance or resolution may be made to the Court of Quarter Sessions . . . within 30 days after any ordinance or resolution takes effect." Since the Municipalities Planning Code "does not create a formal procedure by which such questions may be raised" the procedure in the First Class Township Code still governs attacks on the procedural validity of the ordinance, and requires that such actions be filed in the Criminal Division of the Court of Common Pleas. Linda's Preliminary Objection seeking the dismissal of the procedural validity claims in action number 69-13643 must be sustained.

*Roeder* also controls the disposition of the preliminary objection as to the substantive validity allegations in action number 69-13643. "On many occasions, this [Supreme] Court has stated that questions as to the validity or constitutionality of an enactment will not be decided *in vacuo* but only after it has been actually applied to a litigant. In Bliss Excavating Company v. Luzerne County, 418 Pa. 446, 449-50, 211 A. 2d 532 (1965), we said, '(t)he action was patently premature and amounted merely to an attempt to obtain an advisory opinion. Regardless of when the ordinance became effective, on December 16 or January 1, absolutely nothing had happened under the ordinance to create a case or controversy ripe for judicial intervention. The plaintiffs had not sought nor had they been denied the right to engage in any activities on their land. Nor had there been any indication or threat of enforcement.' See also, Home Life Insurance Company of America v. Board of Adjustment, 393 Pa. 447, 143 A. 2d 21 (1958); Knup v. Philadelphia, 386 Pa. 350, 126 A. 2d 399 (1956). This principle is applicable regardless whether the premature attack is by an action in equity or through the administrative framework, and it does not matter whether an individual is protesting a restriction on his use of his land or the permission given another to use the other's land in a particular way. In §801 of the M.P.C., the Legislature has modified this rule somewhat as to a landowner who is restricted in the use of his land, but the Act in no way affects the rules governing an attack by an individual on an ordinance which grants permission to a landowner to use his land in a certain way. The record in this action is barren of any evidence that would indicate that the owner of the land in question, Smith, has attempted to do anything pursuant to Ordinance No. 191. In Cheltenham Township Appeal, supra at

387, we stated that, 'ordinarily, *the proper time to contest the constitutionality or validity of a zoning ordinance is immediately after issuance of a building permit*'." (emphasis added). 439 Pa. at 248-49.

The instant case involves "an attack by an individual on an ordinance which grants permission to a landowner to use his land in a certain way." This action was brought prior to the issuance of a building permit under that ordinance and therefore it "will not be ripe for adjudication until either someone is granted a building permit pursuant to . . . [the Ordinance] . . . or action is taken pursuant to M.P.C., §801." *Roeder*, 439 Pa. at 249. Linda's preliminary objections to action number 69-13643 should be sustained.

### 993 T.D. 1970

Action number 18 September Term 1969, was brought in the Criminal Division of the Court of Common Pleas pursuant to the First Class Township Code as discussed above. It challenges the procedural validity of the September 8, 1969 zoning amendment. Linda filed a motion to strike appellees' complaint for failure to file a bond as required by Section 1502 of the First Class Township Code. The court below granted leave to file the bond *nunc pro tunc* and dismissed Linda's motion. This was error.

Section 1502 provides that an action may be taken "upon entering into bond with sufficient security to be approved by the Court . . .". The Courts of Common Pleas have interpreted this language to indicate that the entering of a bond is a condition precedent to the filing of a complaint. *Appeal from Six Ordinances of the Township of Penn*, 42 West. L.J. 133 (1961); *Logan v. Upper Moreland Township*, 76 D. & C. 579, 583 (1950). We agree. In *New Castle Metal Products Co. v. Campbell*, 131 Pa. Superior Ct. 367, 200 A. 118

(1938), the Superior Court stated: "where a defective recognizance or bond for costs has been filed by the appellant . . . the established practice is to permit the appellant to perfect the recognizance or bond or file an amended one nunc pro tunc, and not dismiss the appeal until an opportunity to do so has been given the appellant: . . . But that rule is not applied where no bond or recognizance whatever is filed. Where such a statutory requirement is wholly lacking the appeal will be dismissed . . . ." 131 Pa. Superior Ct. at 368-69.[4] The court below did not have the authority to allow the filing of a bond *nunc pro tunc.* Linda's motion to strike should have been granted.

## ORDER

AND Now, this 29th day of September, 1971, the consolidated appeals of Linda Development Corp., numbers 68 C.D. 1971, 941 T.D. 1970 and 993 T.D. 1970 are disposed of as follows:

1. The appeal of Linda Development Corp., number 68 C.D. 1971 is sutained; the appropriate township official of Plymouth Township, Montgomery County, is hereby directed to grant issuance of the requested building permit upon the filing by Linda Development Corp. of all required forms and plans;

2. The appeal of Linda Development Corp., number 941 T.D. 1970 is sustained; the complaint of John J. Muir and Anne S. Muir, his wife, Jack Levy and Marilyn Levy, his wife and numerous other residents is dismissed without prejudice.

---

[4] See also 2 P.L.E. Appeals §211, wherein the authors state: "The statutes may require, as a condition precedent to taking or perfecting an appeal, either generally or in specified cases, that appellant give a bond, recognizance, or undertaking for the payment of the judgment or costs, or both, in case of affirmance of the judgment, order, or decree. Where this is the case, a failure to give such security is fatal."

3. The appeal of Linda Development Corp., number 993 T.D. 1970, is sustained; the complaint of John J. Muir and Anne S. Muir, his wife, Jack Levy and Marilyn Levy, his wife, and numerous other residents is dismissed.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. The lower court was confronted with a request to mandamus the issuance of a building permit to the plaintiff under a zoning ordinance, the validity of which was the subject of two unresolved lawsuits. The plaintiff, in bringing its action to compel the issuance of a building permit, had to depend on the validity of the ordinance under which it could apply for a permit. Until those two lawsuits were decided, there simply was no way the plaintiff could establish its clear right to mandamus relief, nor could the lower court grant such relief in the face of the two suits challenging the validity of the zoning ordinance.

Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. *Travis v. Teter*, 370 Pa. 326, 87 A. 2d 177 (1952). However, even in such cases its issuance is not a matter of right but in certain circumstances is a matter for the sound discretion of the court. *Waters v. Samuel*, 367 Pa. 618, 80 A. 2d 848.

Here no such clear right was present. The two suits challenging the validity of the ordinance under which the permit could be issued were very much alive. Preliminary objections in both suits had been dismissed by the lower court and the pleadings had not been closed in either suit. The majority now takes upon itself the task of disposing of these two outstanding lawsuits and, having done so, then concludes that there

is *now* a clear right in the plaintiff to have the mandamus relief it sought. However, where was that clear right when the lower court refused the mandamus relief in the face of the two lawsuits which the majority, just today, dismisses? Appellate hindsight cannot so easily be equated to lower court foresight.

Compounding the matter is that the majority has ended the two outstanding lawsuits which challenged the validity of the ordinance and which served to darken any clear right to the issuance of a building permit by the allowance of appeals in those suits from interlocutory orders. The majority acknowledge that *Vendetti v. Schuster,* 418 Pa. 68, 208 A. 2d 864 (1965), and *McWilliams v. McCabe,* 406 Pa. 644, 179 A. 2d 222 (1962), would seem to preclude the appeals in the two companion lawsuits but blithely concludes that "our adherence to this line of cases in the instant situation would only lead to further confusion and be a waste of time".

Appellate jurisdiction of an interlocutory order may not be assumed even with consent of the parties. *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A. 2d 854 (1954). Interlocutory orders are not appealable, unless expressly made so by statute. *Branna Construction Corporation v. West Allegheny Joint School Authority,* 414 Pa. 251, 199 A. 2d 414 (1964). Here the orders of the court below did no more than dismiss the defendant's preliminary objections. They did not dismiss the complaints or otherwise put an end to the actions. They were not definitive orders, decrees, or judgments, which finally determined the actions and, in the absence of a special right to appeal expressly given by statute, were not appealable and the appeals therefrom should have been quashed. *Stadler v. Mt. Oliver Borough,* 373 Pa. 316, 95 A. 2d 776 (1953).

I would affirm on the opinion of Judge HONEYMAN.