# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthoneé Patterson,
           Appellant

           v.

Kenneth Shelton, Individually, and
President of the Board of Trustees
of the General Assembly of the Lord
Jesus Christ of the Apostolic Faith,
Inc. and The Trs. of Gen. Assembly
of Church of Lord Jesus Christ
of Apostolic Faith, Inc.

:
:
:
:   No. 1159 C.D. 2023
:
:   Submitted: July 7, 2025
:
:
:
:
:
:
:
:

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE LORI A. DUMAS, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                      **FILED: September 19, 2025**

Appellant Anthoneé Patterson (Patterson) appeals from the order entered by the Court of Common Pleas of Philadelphia County (Common Pleas) on October 13, 2023, through which Common Pleas denied Patterson's "Emergency Application for an Order Granting a Writ of Execution Compelling Enforcement of Patterson's Judgment Upon Pain of Contempt, Sanctions, and Other Relief" (Emergency Application). In response to Patterson's appeal, Appellees Kenneth Shelton, Individually, and President of the Board of Trustees of the General Assembly of the Lord Jesus Christ of the Apostolic Faith, Inc. and The Trs. of Gen. Assembly of Church of Lord Jesus Christ of Apostolic Faith, Inc. (collectively

Appellees) have filed an Application to Quash, through which they argue that quashal is appropriate because we lack jurisdiction over this appeal. After thorough review, we grant the Application to Quash and dismiss Patterson's appeal for lack of jurisdiction, due to the interlocutory nature of the challenged order.[1]

## I. BACKGROUND

This appeal is but the latest development in the parties' more than three decade-long clash regarding control over The Church of the Lord Jesus Christ of the Apostolic Faith (Church). As succinctly summarized by the United States Court of Appeals for the Third Circuit (Third Circuit) in a recent, related matter:

> The Church . . . is a religious society located in Philadelphia. The Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith (Corporation) hold in trust and manage real and personal property for the Church's use. In 1991, a succession dispute arose within the Church between Kenneth Shelton (Shelton) and Roddy Nelson Shelton, both of whom claimed that they were the new General Overseer. Some congregants followed Roddy Nelson and . . . Patterson to a new church located in Darby, Pennsylvania, while other congregants remained with Shelton in Philadelphia.
>
> In 1995, Patterson attempted to take control of the Church by suing Shelton in the Court of Common Pleas of Philadelphia County for violations of Pennsylvania's Nonprofit Corporations Law[ of 1988, 15 Pa.C.S. §§ 5101-6146,] ([1995] Action). Patterson and Shelton eventually agreed to resolve the dispute via arbitration. In 2006, an arbitrator found that Shelton had diverted Church funds and ordered all Church property held by the Corporation to be transferred to Patterson's control. The parties continued to litigate issues surrounding the succession dispute for another decade. Ultimately, in 2017, [the Commonwealth Court of Pennsylvania] held

---

[1] We note that we would have appellate jurisdiction if this was not the case, as this matter involves a dispute regarding the operation of, and control over, a not-for-profit Pennsylvania corporation. *See* 42 Pa. C.S. § 762(a)(5).

2

that the order confirming the arbitration award and the arbitration award itself represented the last valid judgments in the [1995] Action. [*See Patterson v. Shelton*, 175 A.3d 442, 449-50 (Pa. Cmwlth. 2017).] Patterson then obtained a writ of possession, and the Philadelphia Sheriff's Office posted an eviction notice on the Church's headquarters.

*Trs. of Gen. Assembly of Church of Lord Jesus Christ of Apostolic Faith, Inc. v. Patterson* (3d Cir., No. 24-1306, filed June 6, 2025), 2025 WL 1604506, at *1 (cleaned up).[2]

The Church and the Corporation subsequently filed an action against Patterson in the United States District Court for the Eastern District of Pennsylvania (District Court). Of particular relevance to this matter, the Church and the Corporation requested that the District Court enjoin the writ of possession, on the basis that neither entity had been a party to the aforementioned state court proceedings. *Id.* The District Court granted a preliminary injunction in the Church and the Corporation's favor in March 2021, and the Third Circuit affirmed that ruling on appeal in December 2021. *Id.*[3]

---

[2] More granular detail regarding this dispute can also be found in the multitude of related opinions we have issued over the course of the past 27 years. *See, e.g., Patterson v. Shelton* (Pa. Cmwlth, No. 439 C.D. 2018, filed Apr. 15, 2019), 2019 WL 1591859; *Patterson v. Shelton*, 175 A.3d 442 (Pa. Cmwlth. 2017); *Patterson v. Shelton* (Pa. Cmwlth., No. 2147 C.D. 2014, filed Dec. 18, 2015), 2015 WL 9260536; *Patterson v. Shelton* (Pa. Cmwlth., No. 2396 C.D. 2011, filed Mar. 6, 2013), 2013 WL 3961047; *Patterson v. Shelton* (Pa. Cmwlth, No. 2338 C.D. 2006, filed Jan. 31, 2008), 2008 WL 9408018; *GlassRatner Mgmt. & Realty Advisors, LLC v. Gen. Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc.* (Pa. Cmwlth., Nos. 1144 C.D. 2006 and 1568 C.D. 2006, filed Jan. 31, 2008), 2008 WL 9398600; *Church of the Lord Jesus Christ of the Apostolic Faith v. Shelton* (Pa. Cmwlth., Nos. 376 C.D. 2000 and 559 C.D. 2000, filed Apr. 10, 2001); *Church of Lord Jesus Christ of Apostolic Faith, Inc. v. Shelton*, 740 A.2d 751 (Pa. Cmwlth. 1999); *Shelton v. Church of the Lord Jesus Christ of Apostolic Faith, Inc.* (Pa. Cmwlth., Nos. 126 C.D. 1997, 127 C.D. 1997, and 128 C.D. 1997, filed Jan. 29, 1998).

[3] The District Court subsequently converted this preliminary injunction to a permanent injunction, and the Third Circuit then affirmed that decision on June 6, 2025. *See Patterson*, 2025 WL 1604506, at *2-*3.

Patterson then sought relief on October 13, 2023, by filing his Emergency Application with Common Pleas in the 1995 Action. Therein, Patterson requested an order directing the Philadelphia Sheriff's Office to immediately enforce his arbitration award; instructing the District Court and the Third Circuit "to cease and desist its interference with [Common Pleas'] orders and judgments upon pain of contempt"; and imposing sanctions upon Appellees "for their perpetual violations of [Common Pleas'] orders." Emergency App. at 1-2. Common Pleas denied the Emergency Application on the same day it had been filed, whereupon Patterson appealed that ruling to our Court on October 18, 2023.

Thereafter, on February 15, 2024, Patterson filed a Praecipe for Writ of Revival of Judgment (Judgment Praecipe), through which he requested that Common Pleas' prothonotary enforce his arbitration award by entering judgments against six alleged Church trustees (one of whom was Shelton); those judgments, if executed, would have imposed sizable monetary awards against the trustees in Patterson's favor and would have directed the trustees to hand over the Church's and the Corporation's real property to Patterson. *See* Judgment Praecipe at 1-2. Shelton responded to the Judgment Praecipe on March 6, 2024, by filing preliminary objections and, in the alternative, moving to strike the Judgment Praecipe. On May 7, 2024, Common Pleas denied Shelton's request to strike the Judgment Praecipe and, in addition, stayed "enforcement of any judgment covered by the [Judgment Praecipe] . . . until further order of the appropriate federal court and/or state court." Common Pleas Ord., 5/7/24, at 1-2. Patterson did not appeal Common Pleas' May 7, 2024 order and, as such, Common Pleas' stay of judgment remains in effect.[4]

---

[4] Patterson argues that we should also construe his October 18, 2023 appeal "as a premature notice of appeal from [Common Pleas' May 7, 2024] order." Patterson's Reply Br. at 8. This

## II. DISCUSSION

We first address Appellees' Application to Quash. Therein, Appellees assert that we must quash this appeal, because Common Pleas' October 13, 2023 order was not final in nature, a collateral order, or an appealable-by-right interlocutory order, and Patterson did not request and obtain court permission to file an interlocutory appeal. We agree.[5]

It is axiomatic that "[t]his court has jurisdiction to hear appeals from final orders, interlocutory appeals as of right[,] and interlocutory appeals by permission." *Contact II, Inc. v. Pa. State Horse Racing Comm'n*, 664 A.2d 181, 183 (Pa. Cmwlth. 1995); Pa. R.A.P. 311; 312; 341(a); 1311. A final order is defined in pertinent part by the Pennsylvania Rules of Appellate Procedure as one that "disposes of all claims and of all parties" or one that disposes of fewer than all claims and parties, but which the relevant trial court or governmental body has expressly deemed final due to a determination "that an immediate appeal would facilitate resolution of the entire case." Pa. R.A.P. 341(b)(1), (b)(3). Additionally, a party may appeal a non-final order by right in the event that order is collateral in nature.

argument is entirely baseless. Per Pennsylvania Rule of Appellate Procedure 905(a)(5), "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa. R.A.P. 905(a)(5). "[This] Rule acts to perfect a premature appeal 'where an appeal is filed after a trial court makes a final determination, but before the official act of entering judgment has been performed.'" *Perry v. Erie Cnty.*, 169 A.3d 1232, 1238 (Pa. Cmwlth. 2017) (quoting *Pa. Orthopaedic Soc'y v. Indep. Blue Cross*, 885 A.2d 542, 546 (Pa. Super. 2005)). In this instance, Common Pleas had not announced a final determination prior to Patterson's October 18, 2023 appeal and has yet to announce or issue a final order. Therefore, Patterson cannot transform that appeal into a vehicle for attacking the merits of Common Pleas' May 7, 2024 order.

[5] We note that the "the question of the appealability of an [o]rder goes to the jurisdiction of [an appellate] Court and may be raised at any time by the Court itself[.]" *Vendetti v. Schuster*, 208 A.2d 864, 867 (Pa. 1965). Therefore, even in the absence of the Application to Quash, we would have had authority to *sua sponte* raise and decide whether Common Pleas' October 13, 2023 order is appealable at this juncture.

5

Pa. R.A.P. 313(a). "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313(b). "As an exception to the rule of finality, the doctrine is to be interpreted narrowly, and 'each prong of the collateral order doctrine must be clearly present before an order may be considered collateral.'" *Vaccone v. Syken*, 899 A.2d 1103, 1106 (Pa. 2006) (*superseded on other grounds by* Pa. R.A.P. 1114(b)(7)) (quoting *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003)).

In this instance, there are several reasons why the challenged order is not appealable at this juncture. First, this order is clearly not final in nature. Instead, Common Pleas used the order to deny Patterson's Emergency Petition as procedurally improper and factually unsupported, but also made clear that Patterson was still free to execute upon the judgment he had won through the arbitration award. *See* Common Pleas Op., 2/9/2024, at 1-2. Furthermore, and as already mentioned, Patterson subsequently filed the Judgment Praecipe with Common Pleas, through which he effectively sought the same relief as he had requested via the Emergency Application and which remains stayed pursuant to Common Pleas' May 7, 2024 order. Given this, Common Pleas' order denying the Emergency Application did not "dispose[] of all claims and of all parties[.]" Pa. R.A.P. 341(b)(1). Similarly, the challenged order is not one that is appealable by right on an interlocutory basis, as an order denying a motion to execute upon a judgment is not of the type that can be appealed in that manner. *See* Pa. R.A.P. 311.[6] We also note that Patterson did

---

[6] Patterson argues that Common Pleas' October 13, 2023 order is appealable by right on an interlocutory basis because, in his view, it both affected a judgment and denied his request to

not seek leave to appeal this order on an interlocutory basis by permission. *See* Pa. R.A.P. 1311.

Thus, the only remaining possibility that would allow review at this juncture is if we conclude that this order was immediately appealable on a collateral basis. Pa. R.A.P. 313(b). We do not, for three reasons. First, the substance of the order goes directly to the heart of this case, as it at least temporarily prevented Patterson from achieving the ultimate goal of his three-decade-old lawsuit: complete control over the Church and its assets. Second, it is entirely unclear what right is present here that would be too important for us to deny immediate review of the challenged order. Indeed, Patterson's subsequent filing of the Judgment Praecipe suggests that Common Pleas' October 13, 2023 order was far from an insurmountable obstacle to Patterson's efforts to execute upon his arbitration award. Finally, Patterson will not suffer irreparable harm if we decline to consider this appeal, as that refusal will not deprive him of his ability to subsequently seek review of Common Pleas' disposition of his Emergency Application once a final order has been issued in this matter.

---

dissolve an injunction. Patterson's Br. at 1. This argument is baseless for two reasons. First, an interlocutory order that affects a judgment is appealable on a by-right basis only if it "refus[ed] to open, vacate, or strike off a judgment." Pa. R.A.P. 311(a)(1). Obviously, that is not what happened in this instance, as Common Pleas simply denied Patterson's attempt to execute judgment upon his arbitration award. Second, the only injunction that currently exists in the broader universe of Church-related litigation is the one that was entered by the District Court. That injunction cannot serve as a toehold for invoking our appellate jurisdiction, because Common Pleas' October 13, 2023 order did not "grant[] or den[y], modif[y] or refuse[] to modify, continue[] or refuse[] to continue, or dissolve[] or refuse[] to dissolve an injunction[.]" Pa. R.A.P. 311(a)(4). Simply put, Patterson cannot currently appeal the October 13, 2023 order pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(4), because a state law-based injunction never existed in this matter.

### III. CONCLUSION

In light of the foregoing analysis, we grant Appellees' Application to Quash and quash this appeal for lack of jurisdiction, due to the interlocutory nature of Common Pleas' October 13, 2023 order.[7]

**LORI A. DUMAS, Judge**

---

[7] On December 12, 2024, Patterson filed an application for relief in which he requested that this Court take judicial notice of certain "adjudicative facts." Appl. for Relief, 12/12/24. In light of our disposition, we will dismiss Patterson's application as moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthoneé Patterson, : 
                  Appellant : 
                   :   No. 1159 C.D. 2023
           v. : 
                   : 
Kenneth Shelton, Individually, and : 
President of the Board of Trustees : 
of the General Assembly of the Lord : 
Jesus Christ of the Apostolic Faith, : 
Inc. and The Trs. of Gen. Assembly : 
of Church of Lord Jesus Christ : 
of Apostolic Faith, Inc. : 

# <u>O R D E R</u>

AND NOW, this 19th day of September, 2025, it is hereby ORDERED that the Application to Quash filed by Appellees Kenneth Shelton, Individually, and President of the Board of Trustees of the General Assembly of the Lord Jesus Christ of the Apostolic Faith, Inc. and The Trs. of Gen. Assembly of Church of Lord Jesus Christ of Apostolic Faith, Inc. is GRANTED, and that Appellant Anthoneé Patterson's appeal from the order entered by the Court of Common Pleas of Philadelphia County on October 13, 2023, is QUASHED for lack of jurisdiction, due to the interlocutory nature of that order. Additionally, Appellant Anthoneé Patterson's Application for Relief, filed December 12, 2024, is DISMISSED as moot.

 

 

_____
**LORI A. DUMAS, Judge**